```
              IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF GEORGIA
                      GAINESVILLE DIVISION
```

| | |
|---|---|
| JAMES FINCH and JUSTIN FINCH, ) <br> A Minor, by and through his next ) <br> Friend, Kim Biondi, and The ) <br> ESTATE OF RICKY G. FINCH, by ) <br> And through the Temporary ) <br> Administrator of his estate, James ) <br> Nelson Finch, ) <br>  ) <br>     Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> DONALD SHANE BROWN, in his ) <br> individual capacity, and PHILLIP ) <br> STANLEY, in his individual ) <br> capacity, ) <br>  ) <br>     Defendants. ) | CIVIL ACTION FILE NO. <br> 2:10-CV-0062-WCO |

## DEFENDANT PHILLIP STANLEY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW PHILLIP STANLEY, a Defendant in the above-styled matter, and responds to Plaintiffs' Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiffs' Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

For his second defense, Defendant Stanley answers and responds to the numbered sections and paragraphs of Plaintiffs' Complaint as follows:

<u>Jurisdiction</u>

1.

Defendant Stanley shows that Paragraph 1 of Plaintiffs' Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 1 of Plaintiffs' Complaint, said inferences and allegations of liability are hereby expressly denied.

<u>Venue</u>

2.

Defendant Stanley shows that Paragraph 2 of Plaintiffs' Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 2 of Plaintiffs' Complaint, said inferences and allegations of liability are hereby expressly denied.

## Parties

3.

This Defendant can neither admit nor deny the allegations set forth in paragraph 3 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

4.

This Defendant can neither admit nor deny the allegations set forth in paragraph 4 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

5.

This Defendant can neither admit nor deny the allegations set forth in paragraph 5 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

6.

Defendant Stanley admits only that he was employed by the Jackson County Sheriff and that he was acting under color of

state law.  All other allegations set forth in Paragraph 6 of Plaintiffs' Complaint are denied.

7.

This Defendant can neither admit nor deny the allegations set forth in paragraph 7 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

<u>Factual Allegations</u>

8.

This Defendant admits the allegations set forth in paragraph 8 of Plaintiffs' Complaint upon information and belief.

9.

This Defendant can neither admit nor deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

10.

This Defendant denies the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11.

This Defendant admits the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant Stanley admits the allegations set forth in the first sentence of paragraph 12 of Plaintiffs' Complaint.  This Defendant admits the allegations set forth in the second sentence of paragraph 12 of Plaintiffs' Complaint upon information and belief.

13.

This Defendant admits the allegations set forth in paragraph 13 of Plaintiffs' Complaint upon information and belief.

14.

This Defendant admits the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

15.

This Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16.

This Defendant admits the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17.

This Defendant admits the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

18.

This Defendant denies the allegations set forth in paragraph 18 of Plaintiffs' Complaint in the form and manner alleged.

19.

This Defendant admits the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20.

This Defendant denies the allegations set forth in paragraph 20 of Plaintiffs' Complaint in the form and manner alleged.

21.

This Defendant denies the allegations set forth in paragraph 21 of Plaintiffs' Complaint in the form and manner alleged.

22.

This Defendant admits the allegations set forth in paragraph 22 of Plaintiffs' Complaint.

23.

This Defendant admits the allegations set forth in paragraph 23 of Plaintiffs' Complaint.

24.

This Defendant admits the allegations set forth in paragraph 24 of Plaintiffs' Complaint upon information and belief.

25.

This Defendant admits the allegations set forth in paragraph 25 of Plaintiffs' Complaint.

26.

This Defendant can neither admit nor deny the allegations set forth in paragraph 26 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

27.

This Defendant denies the allegations set forth in paragraph 27 of Plaintiffs' Complaint in the form and manner alleged.

28.

In response to the allegations set forth in paragraph 28 of Plaintiffs' Complaint, this Defendant admits only that Finch

kept personal socks and that Finch made a noose with socks.

29.

This Defendant admits the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

30.

This Defendant can neither admit nor deny the allegations set forth in the first sentence of Paragraph 30 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.  This Defendant admits the allegations set forth in the second sentence of paragraph 30 of Plaintiffs' Complaint.

31.

This Defendant admits the allegations set forth in paragraph 31 of Plaintiffs' Complaint upon information and belief.

32.

This Defendant admits the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

33.

This Defendant can neither admit nor deny the allegations set forth in paragraph 33 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as

to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

34.

This Defendant can neither admit nor deny the allegations set forth in paragraph 34 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

35.

This Defendant admits the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

36.

This Defendant admits the allegations set forth in the first sentence of paragraph 37 of Plaintiff's Complaint and denies the allegations set forth in the second sentence of paragraph 37 of Plaintiff's Complaint.

37.

This Defendant denies the allegations set forth in paragraph 37 of Plaintiffs' Complaint.

38.

This Defendant can neither admit nor deny the allegations set forth in paragraph 38 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as

to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

39.

This Defendant can neither admit nor deny the allegations set forth in paragraph 39 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

40.

This Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Complaint in the form and manner alleged.

41.

This Defendant can neither admit nor deny the allegations set forth in paragraph 41 of Plaintiffs' Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

42.

This Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Complaint in the form and manner alleged.

43.

In response to the allegations set forth in paragraph 43 of Plaintiffs' Complaint, this Defendant admits only that he received training in jail suicides.

44.

This Defendant admits the allegations set forth in paragraph 44 of Plaintiffs' Complaint.

45.

This Defendant denies the allegations set forth in paragraph 45 of Plaintiffs' Complaint.

46.

In response to the allegations set forth in paragraph 46 of Plaintiffs' Complaint, this Defendant shows that the allegations set forth therein are directed against persons and/or entities other than this Defendant and for whom this Defendant has no right of control or responsibility; accordingly, the allegations set forth in Paragraph 46 of Plaintiffs' Complaint require no response from this Defendant; all allegations and inferences of liability set forth against this Defendant in same are hereby denied.

47.

This Defendant denies the allegations set forth in Plaintiffs' Complaint as stated.

48.

Defendant Stanley shows that Paragraph 48 of Plaintiffs' Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 48 of Plaintiffs' Complaint, said inferences and allegations of liability are hereby expressly denied.

49.

This Defendant admits the allegations set forth in paragraph 49 of Plaintiffs' Complaint upon information and belief.

50.

This Defendant denies the allegations set forth in paragraph 50 of Plaintiffs' Complaint.

51.

This Defendant denies the allegations set forth in paragraph 51 of Plaintiffs' Complaint.

52.

This Defendant denies the allegations set forth in paragraph 52 of Plaintiffs' Complaint.

53.

This Defendant denies the allegations set forth in paragraph 53 of Plaintiffs' Complaint.

54.

This Defendant denies the allegations set forth in paragraph 54 of Plaintiffs' Complaint.

55.

This Defendant denies the allegations set forth in paragraph 55 of Plaintiffs' Complaint.

56.

This Defendant denies the allegations set forth in paragraph 56 of Plaintiffs' Complaint.

57.

This Defendant denies the allegations set forth in paragraph 57 of Plaintiffs' Complaint as stated.

58.

This Defendant denies the allegations set forth in paragraph 58 of Plaintiffs' Complaint.

59.

This Defendant denies the allegations set forth in paragraph 59 of Plaintiffs' Complaint.

## Causes of Action

60.

This Defendant denies the allegations set forth in paragraph 60 of Plaintiffs' Complaint.

61.

This Defendant denies the allegations set forth in paragraph 61 of Plaintiffs' Complaint.

62.

This Defendant denies the allegations set forth in paragraph 62 of Plaintiffs' Complaint.

## Damages

63.

This Defendant denies the allegations set forth in paragraph 63 of Plaintiffs' Complaint.

64.

This Defendant denies the allegations set forth in paragraph 64 of Plaintiffs' Complaint.

## Prayer for Relief

65.

This Defendant denies any and all other allegations set forth against him in Plaintiffs' Complaint not expressly admitted above, and it specifically denies all allegations and

inferences of liability set forth against it in Plaintiffs' Complaint in its entirety.

66.

This Defendant denies the allegations set forth in the "Prayer for Relief" paragraph of Plaintiffs' Complaint.

67.

Defendant Stanley denies any and all other allegations set forth against him in Plaintiffs' Complaint not expressly admitted above, and he specifically denies all allegations and inferences of liability set forth against him in Plaintiffs' Complaint in its entirety

### THIRD DEFENSE

Defendant Stanley is entitled to qualified immunity from suit and liability in this action, as he did not violate any clearly established Constitutional rights of which a reasonable official would have known under the same facts and circumstances known by him.

### FOURTH DEFENSE

Defendant Stanley was performing discretionary acts within the course and scope of his employment at all times relevant to this litigation, and this Defendant performed said discretionary acts in good faith, and without any malice or intent to cause injury to the Plaintiff; accordingly, Defendant Stanley is

entitled to official immunity from suit and liability with respect to any state law claims.

### FIFTH DEFENSE

Plaintiffs' alleged damages and injuries, if any, were proximately caused by persons and/or entities other than this Defendant.

### SIXTH DEFENSE

This Defendant Stanley avers that Plaintiffs do not have standing to assert some or all of the claims set forth in his Complaint.

WHEREFORE, having fully answered, Defendant Phillip Stanley prays that judgment be entered in his favor and against the Plaintiffs, that Plaintiffs take nothing, and that this Defendant be awarded its costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED**

This 1st day of June, 2010.

                                    WILLIAMS, MORRIS & WAYMIRE, LLC

                                    /s/ G. Kevin Morris
                                    G. KEVIN MORRIS
                                    Georgia Bar No. 523895

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
kevin@wmwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing ANSWER AND DEFENSES OF DEFENDANT PHILLIP STANLEY TO PLAINTIFFS' COMPLAINT FOR DAMAGES upon all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Brian Spears
Attorney at Law
1126 Ponce de Leon Avenue
Atlanta, GA 30306

Albert Wan
Attorney at Law
1201 Peachtree Street
400 Colony Square, Ste 200
Atlanta, GA 30361

Gary M. Shapiro
Attorney at Law
400 Galleria Parkway, Ste 1500-20
Atlanta, GA 30339

Andrew H. Marshall
Begnaud & Marshall, LLP
P. O. Box 8085
Athens, GA 30603-8085

This 1st day of June, 2010.

```
                        WILLIAMS, MORRIS & WAYMIRE, LLC

                        /s/ G. Kevin Morris
                        G. KEVIN MORRIS
                        Georgia Bar No. 523895
                        Attorney for Defendant Stanley
Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
(678) 541-0790
(678) 541-0789
```