IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JAMES FINCH and JUSTIN FINCH, a Minor, by and through his next Friend, Kim Biondi, and THE ESTATE OF RICKY G. FINCH, by and through the Temporary Administrator of his Estate, James Nelson Finch, | ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 2:10-CV-0062-WCO |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DONALD SHANE BROWN, in his individual capacity, and PHILLIP STANLEY, in his individual capacity, | ) ) ) ) | |
| Defendants. | ) | |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

(a) Describe briefly the nature of this action.

Plaintiffs bring this action for damages arising from the in custody suicide of Ricky Finch, alleging that the death was the result of deliberate indifference on the part of the Defendants, and as the result of alleged breaches of ministerial duties on the part of the Defendants.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

PLAINTIFFS' STATEMENT OF FACTS:

On November 12, 2008, Ricky G. Finch committed suicide in a cell at the Jackson County Jail by hanging himself with a makeshift noose fashioned from his personal socks. Both Brown and Stanley were on actual notice that Mr. Finch represented a suicide risk when he was first booked into the jail. Although Finch was allegedly placed on 'suicide watch' Defendants failed to take affirmative steps required by jail policy regarding known suicide risk prisoners. Finch tried suicide two times while on suicide watch; his second attempt was successful. Finch's suicide was captured on videotape. After Finch's death, Defendant Brown fabricated a watch log purporting to reflect that Brown had personally monitored Finch before Finch's body was found.

DEFENDANTS' STATEMENT OF FACTS:

**BY DEFENDANT STANLEY**:

On November 12, 2008, Decedent Finch was brought into the Jackson County jail. Upon being alerted that Finch might be a suicide risk, Defendant Stanley directed that he be placed on suicide watch. Decedent Finch was then placed in an observation cell. Later that same shift, Defendant Stanley entered the

2

control tower and noticed on the monitor for Decedent Finch's cell that Finch had strangled himself. Defendant Stanley immediately initiated procedures to get Finch medical attention. Efforts to revive Decedent Finch were unsuccessful. Defendant Stanley denies all liability attributable to Decedent Finch's death.

**BY DEFENDANT BROWN**:

On November 12, 2008, Ricky Finch was booked into the Jackson County Jail and was determined to present a possible suicide risk as a consequence of which Defendant Stanley placed him in an observation cell. However, a decision was made not to clothe him in a "suicide smock" and Defendant Brown understood that he was to check on Finch when he could but not necessarily according to any specific time table. Not long after being placed in the cell, Defendant Stanley observed from a monitor within the facility's control tower that Finch had possibly attempted to strangle himself, and procedures were immediately initiated to obtain medical care for him. Efforts to revive Decedent Finch were unsuccessful. Defendant Brown denies all liability attributable to Finch's death.

( c ) The legal issues to be tried are as follows:

BY PLAINTIFFS:

(a) Whether the Defendants acted in a deliberately indifferent manner toward a known risk of self-harm/suicide thus inflicting cruel and unusual punishment upon Finch, in contravention of the United States Constitution and the Constitution of the State of Georgia.

(b) Whether the actions and inactions of the Defendants constituted conduct which resulted in the deprivation of Finch's affirmative rights to the protection against abuse while in custody, and to the receipt of medical care, as guaranteed to him under Georgia state law. See Ga. Const. art. I, § I, I ("No person shall be deprived of life, liberty, or property except by due process of law"), XVII ("[N]or shall any person be abused in being arrested, while under arrest, or in prison"); O.C.G.A. §§ 42-4-5 (cruelty to inmates), 42-5-2 (necessities of prisoners).

(c) Whether the actions and inactions of the Defendants constituted a breach of their ministerial duties thus subjecting them to liability in their individual capacities under Georgia state law. Ga. Const. art. I, § II, IX, subsection d (state officials individually liable for negligent performance of ministerial duties; O.C.G.A. § 36-33-1(b).

BY DEFENDANT STANLEY:

(a)   Whether Defendant Stanley was deliberately indifferent to Decedent Finch.

(b)   Whether Defendant Stanley is protected by qualified immunity and/or official immunity;

(c)   Whether any act or omission attributable to Defendant Stanley proximately caused Decedent Finch's death;

(d)   Damages.

BY DEFENDANT BROWN:

(a)   Whether Defendant Brown was deliberately indifferent to Decedent Finch.

(b)   Whether Defendant Brown is protected by qualified immunity and/or official immunity;

(c)   Whether any act or omission attributable to Defendant Brown proximately caused Decedent Finch's death;

(d)   Damages.


(d)  The cases listed below (include both style and action number) are:

   (1) Pending Related Cases: None.

(2)  Previously Adjudicated Related Cases: None.

2.  This case is complex because it possesses one (1) or more of the features listed below (please check):

_____ (1) Unusually large number of parties

_____ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

3.  Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | | |
|---|---|---|
| Plaintiffs: | James Finch | G. Brian Spears |
| | Estate of Ricky Finch | G. Brian Spears |
| | Justin Finch | Gary Shapiro |

    Defendant:        Phillip Stanley        G. Kevin Morris and

                                                               Terry E. Williams

                         Donald Brown        Andrew H. Marshall

4. Jurisdiction:

Is there any question regarding this court's jurisdiction?   No.

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

    5. Parties to This Action:

    a.    The following persons are necessary parties who have not been joined:

        None.

    b.    The following persons are improperly joined as parties: None.

    c.    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:   None.

    d.    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)  List separately any amendments to the pleadings which the parties anticipate will be necessary: On July 20, 2010, Plaintiffs filed a Motion to Add as a party Defendant, Raymond Gailey, and to add as a party Plaintiff the adopted son of Ricky Finch, Mr. Jason O. Finch.  See, D.E. 16.

(b)  Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.  Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   Motions to Compel:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.B.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.D.

(c) Other Limited Motions: refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 26.2.C.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference with the Court.

10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:  liability and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:  In the event that the Court grants Plaintiffs' Motion for Leave to Amend the Complaint and Add Parties, the resulting time required to serve the new Defendant and for the new Defendant to file an Answer may result in the need for additional time for discovery.

11. Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

No changes in the limitations on discovery are requested by either party at this time.

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26 ( c ) or under Rule 16(b) and (c)? None at this time.

13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 29, 2010, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff James Finch: Lead Counsel: G. Brian Spears

For Plaintiff Estate of Ricky Finch: Lead Counsel: G. Brian Spears

For Plaintiff Justin Finch: Lead Counsel: Gary Shapiro

For Defendant Phillip Stanley: Lead counsel: G. Kevin Morris

For Defendant Donald Brown: Lead counsel: Andrew H. Marshall

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(_X_) A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

(c) Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is unknown.

(d) The following specific problems have created a hindrance to settlement of this case. None.

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

                                                S/ G. BRIAN SPEARS
                                                Georgia Bar No. 670112
                                                Attorney for Plaintiffs James Finch and the Estate of Ricky Finch

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com

*with express permission by Brian Spears*
Gary Shapiro, Bar No. 637794
Attorney for Plaintiff Justin Finch
400 Galleria Parkway
Suite 1500-20
Atlanta, GA 30339
*with express permission by Brian Spears*
Albert Wan, Esq.
1201 Peachtree St., Ste. 200
Atlanta, GA 30361


*with express permission by Brian Spears*
Andrew H. Marshall, Esq.
Begnaud & Marshall, LLP
1091-B Founders Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085


*with express permission by Brian Spears*
G. Kevin Morris
Williams, Morris & Waymire, LLC
Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 4, 2010, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Andrew H. Marshall, Esq.
Begnaud & Marshall, LLP
1091-B Founders Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085

Gary M. Shapiro, Esq.
400 Galleria Parkway, Suite 1500-20
Atlanta, GA 30339

G. Kevin Morris
Williams, Morris & Waymire, LLC
Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518

Albert Wan, Esq.
1201 Peachtree St., Ste. 200
Atlanta, GA 30361

                              S/BRIAN SPEARS, ECF-Registered Attorney
                              Georgia Bar No. 670112
                              Attorney for Plaintiff
                              1126 Ponce de Leon Avenue
                              Atlanta, GA 30306
                              Telephone: (404) 872-7086
                              Email: Bspears@mindspring.com