IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JAMES NELSON FINCH and JUSTIN FINCH, a Minor, by and through his next friend, Kim Biondi, and The ESTATE OF RICKY G. FINCH, by and through the Temporary Administrator of his estate, James Nelson Finch, <br><br>  Plaintiffs, <br><br>  vs. <br><br> DONALD SHANE BROWN, in his individual capacity, and PHILLIP STANLEY, in his individual capacity, <br><br>  Defendants. | Civil Action File No. 2:10-CV-00062-WCO |

## PLAINTIFFS' INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what Defendants did or failed to do, and a succinct statement of the legal issues in the case.

Classification of the Cause of Action:

This wrongful death action arises under the authority vested in the Court by virtue of 28 U.S.C. §§ 1331,1343(3) &1367; 42 U.S.C. §§ 1983, 1988.

Factual Outline:

On November 12, 2008, Ricky G. Finch committed suicide in a cell at the Jackson County Jail by hanging himself with a makeshift noose fashioned from his personal socks. At all times relevant to this litigation, Defendants Brown and Stanley were employed by the Jackson County Sheriff's Office

1

and were on-duty at the Jackson County Jail.  Defendant Stanley was the acting Jail Supervisor, and Brown, a certified jailer, during this same period.

Both Brown and Stanley were on actual notice that Finch represented a suicide risk when he was first booked into the jail.  After Finch was placed on suicide watch, neither defendant took steps to monitor Finch.  Moreover, the defendants neglected to strip Finch of his personal clothing, including the socks that he ultimately used to kill himself.  This contravened jail policy.  As a result of the actions and inactions of the defendants, Finch was left unmonitored in his cell for close to an hour.  During this time, Finch tried to hang himself twice.  He was successful on his second attempt.

Upon discovering Finch's dead body, Stanley instructed Brown to make sure the logs were filled out, or a command of like effect.  Brown then proceeded to prepare a watch log to falsely document that he had conducted the required 15-minute watches on Finch when, in fact, he had not.  Brown admitted to falsifying the log during an internal investigation conducted by the Jackson County Sheriff's Office following Finch's suicide death.

Statement of Legal Issues:

(a) Whether the Defendants acted in a deliberately indifferent manner toward a known risk of self-harm/suicide thus inflicting cruel and unusual punishment upon Finch, in contravention of the United States Constitution and the Constitution of the State of Georgia.

(b) Whether the actions and inactions of the Defendants constituted conduct which resulted in the deprivation of Finch's affirmative rights to the protection against abuse while in custody, and to the receipt of medical care, as guaranteed to him under Georgia state law.  *See* Ga. Const. art. I, § I, ¶ I ("No person shall be deprived of life, liberty, or property except by due process of law"), ¶ XVII ("[N]or shall any person be abused in being arrested, while under arrest, or in prison"); O.C.G.A. §§ 42-4-5 (cruelty to inmates), 42-5-2 (necessities of prisoners).

(c) Whether the actions and inactions of the Defendants constituted a breach of their ministerial duties thus subjecting them to liability in their individual capacities under Georgia state law.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiffs contend are applicable to this action.

Among the statutes and case law applicable to this action are the following:

**United States Constitution**

Fourteenth Amendment

**United States Code**

42 U.S.C. § 1983

42 U.S.C. § 1988

**Federal and State Case law**

For illustrative recent case law, please see: *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262 (11th Cir. 2005) (reversing grant of summary judgment to defendants in jail suicide case where defendant officer failed, in part, to conduct 15 minute checks for inmate placed on suicide watch, thus creating "a substantial issue about whether the suicide of [Snow] was avoidable"); *Harvey v. Nichols*, 260 Ga. App. 187 (2003) (reversing grant of summary judgment to defendants in jail suicide case where defendant officers breached their ministerial duties in failing to regularly monitor decedent).

**Constitution of the State of Georgia**

Article I, Section I, Paragraph I: "No person shall be deprived of life, liberty, or property except by due process of law."

Article I, Section I, Paragraph XVII: "[N]or shall any person be abused in being arrested, while under arrest, or in prison."

**Georgia Statutes**

§ 42-4-4 – Duties of the sheriff; failure to comply with section

§ 42-4-5 – Cruelty by jailers prohibited

§ 42-4-32 – Sanitation and health

§ 42-5-2 – Necessities of prisoners; medical and hospital care

(3) Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiffs have not made a determination as to expert witnesses.  This response will be supplemented as necessary.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

    The categories of damages included within Plaintiffs' complaint are the following:

        a. General compensatory damages for the wrongful death of Ricky Finch against Defendants Brown and Stanley without deduction for necessities of life or funeral expenses;

        b. Damages awardable to the Estate of Ricky Finch, both general and special; and,

        c. Attorneys' fees to Plaintiffs by virtue of 42 U.S.C. § 1988.

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which *may* be entered in this action or to indemnify or reimburse for payments made to satisfy judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

    The pertinent portion of Jackson County's insurance agreement with the Association County Commissioners of Georgia for period of July 1, 2008 to July 1, 2009 is attached. See Attachment E.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs'' cause of action and state the basis and extent of such interest.

    There is no known person or legal entity having a subrogation interest in the cause of action set forth in Plaintiffs' cause of action.

    Respectfully submitted this 25th day of August, 2010.

                                            S/ BRIAN SPEARS
                                            Brian Spears, Bar No. 670112
                                            Attorney for Plaintiffs James N. Finch and The Estate of Ricky Finch

1126 Ponce de Leon Avenue
Atlanta, GA 30306
404-872-7086

                                            S/ ALBERT WAN
                                            Albert Wan, Bar No. 334224
                                            Attorney for Plaintiffs James N. Finch and The Estate of Ricky Finch

1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, GA 30361
404-872-7760

                                            S/ GARY SHAPIRO
                                            Gary Shapiro, Bar No. 637794
                                            Attorney for Plaintiff Justin Finch

400 Galleria Parkway
Suite 1500-20
Atlanta, GA 30339
770-431-1500

## ATTACHMENT "A" – FINCH WITNESSES

| | |
|---|---|
| Brown, Donald | Defendant |
| Carpenter, Cecil | Officer, Arcade Police Department |
| Champion, Leigh | Forensic Toxicologist, Georgia Bureau of Investigation, Division of Forensic Sciences |
| Chetta MD | Attending Physician, Jackson County Jail |
| Clark, Krista | Jailer, Jackson County Sheriff's Office |
| Cochran, David | Major, Jackson County Sheriff's Office |
| Csabon, Sharon | Ricky Finch's girlfriend prior to his death |
| Finch, Justin | Son of Ricky G. Finch |
| Finch, Jason | Adopted son of Ricky G. Finch |
| Finch, James | Son of Ricky G. Finch |
| Finch, James W. | Father of Ricky G. Finch |
| Fullington, Jim | Special Agent in Charge, Georgia Bureau of Investigation |
| Gailey, Raymond | Jailer, Jackson County Sheriff's Office |
| Herbert, Chad | Jailer, Jackson County Sheriff's Office |
| Marlar, Michael | Special Agent, Georgia Bureau of Investigation |
| Ornelas, A. | Jailer, Jackson County Sheriff's Office |
| Palarie, Patricia | Daughter-in-Law of Ricky G. Finch |
| Pearson | On-Duty Nurse, Jackson County Jail |
| Savage, David | Captain, Jackson County Sheriff's Office |
| Skinner, Bobby | Resident of City of Arcade |
| Sperry, Kris | Chief Medical Examiner, Georgia Bureau of Investigation, Division of Forensic Sciences |

| | |
|---|---|
| Stanley, Phillip Radford | Defendant |
| Whitfield, Keith | Jackson County Coroner |
| Wimpy, Jack | Lieutenant, Jackson County Sheriff's Office |
| EMT Technician | Jackson County EMS |

## ATTACHMENT "C" – FINCH DOCUMENTS

Document Production from Georgia P.O.S.T. Council (Bates Nos. 001 – 153)
POST transcript - Stanley
POST transcript - Brown
Case summary - Brown
DUI info - Brown
Revocation notice - Brown
case summary
Brown's letter of 01/27/09
Investigative file:
notification
criminal and traffic history
dui docket info.
executive summary
administrative inquiry
Arcade PD incident report
supplemental narrative - Arcade PD
citations
arrest data
notification sheet
rules and regs agreement
issued property form
receipt of inmate handbook
property checklist
jail checklist
custody classification assessment
arrest affidavit
victim notification info
suicide incident report
EMS report
photos
Brown's report
Watch sheet
Brown interview (11/17/08)
Brown interview (11/21/08)
Gailey - incident report
Gailey interview (11/17/08)
Clark incident report
Clark interview
Stanley - incident report
POST records on Stanley -
Stanley interview (11/15/08)
Stanley interview (11/21/08)
witness list

notice of POST investigation to Brown
email from Boyd to Julie (7/28/08)

Document Production from Arcade Police Dept. (Bates Nos. 154-160)
Incident report
Supplemental narrative - Officer Carpenter
Statement form - victim Bobby Skinner

Jackson County 911 Cad Report (Bates Nos. 161 – 162)

GBI file produced by Jackson County - Fall 2009 (Bates Nos. 163 – 285)
Face Sheet
Exhibit list
Investigative case summary - S.A. Blackburn
Photo images
Key Legend for diagram
diagram
receipt - CD of scene photos
summary - coroner Cochran
summary - Stanley
summary - Clark
incident report
radio operator report
disciplinary watch sheet
summary - Brown
summary - Savage
medical questionnaire
victim notification
arrest affidavit
book in
citations
book in
family notification sheet
jail rules and regulations acknowledgment
issued property form
inmate handbook acknowledgment
property checklist
sending report
intake property log
jail checklist
custody classification
GCIC report
summary - Gailey
summary - Herbert
summary - Savage
incident report - Arcade police
summary - Wimpy (and receipt of video)

10

summary of video
summary - Brown (with receipt of digital recording)
summary - Stanley (with receipt of digital recording)
summary - Clark (with receipt of digital recording)
polygraph - Stanley

Jackson Co. Sheriff Dept. Production - Fall 2009 (Bates Nos. 286 – 348)
shift checklist
daily shift briefing
admissions/release report
cleaning supplies issued
key control
radio operator's report
shift log
executive summary
administrative inquiry
Arcade PD incident report
citations
book ins
intake property log
jail checklist
custody classification assessment
arrest affidavit
incident report - Jackson
EMS report
photos of cell
internal investigation advisement - Brown
jail incident report - Brown
watch sheet
medical questionnaire
nurse's notes

Autopsy and related documents from GBI (4/10) (Bates Nos. 349 – 365)
Face sheet
final investigative summary
coroner's inquest verdict
autopsy

Jackson County Sheriff Document Production (Bates Nos. 387 – 415)
General Orders (table of contents)
9.59 Pre-admissions
9.66 Classification Program
9.86 Suicide Prevention and Intervention
9.87 Attempted Suicide or Death of an Inmate
9.84 Medical Services

Other Finch Documents:

Family and Personal Photos of Ricky Finch
Handwritten incident report (author unknown)
Georgia POST Council Change of Status Form for Radford Stanley
Jackson Co Sheriff's notice of termination and violations of SOP 1.02 - rules of conduct
Barrow County Employment Records
Jackson County SOPS in effect during Nov. 2007 (produced 6/10)
Barrow County School Records
Various still photos from Video of Finch Suicide recorded on 11/12/2008, including Summary Page
Finch's Del Monte application and offer for employment
1040 tax returns
Finch SSA records including ALJ decision granting disability benefits
Finch SSA print-out computing amount of benefits
Jackson County recording of 911 call from 11/12/2007
Jail video of Finch suicide

ATTACHMENT "E" – INSURANCE AGREEMENT

ASSOCIATION COUNTY COMMISSIONERS OF GEORGIA
INTERLOCAL RISK MANAGEMENT AGENCY
COMBINED AUTOMOBILE, CRIME, LIABILITY AND PROPERTY COVERAGES
MEMBER COVERAGE AGREEMENT

GENERAL COVERAGE DECLARATIONS

The Association County Commissioners of Georgia - Interlocal Risk Management Agency (IRMA) is a risk sharing arrangement among Georgia County Governments. IRMA exists by authority of the Official Code of Georgia Annotated 36-85-1 et seq.

**AGREEMENT NO.:** 3300

**NAMED MEMBER:** Jackson County

**ADDRESS:** 67 Athens Street

Jefferson GA 30549

In consideration of the contributions set out in Part IV of the General Coverage Declarations and in reliance upon the statements in the application referred to in Part V of the General Coverage Declarations and any supplementary information pertaining thereto, which shall be deemed incorporated herein, being representations which, if inaccurate, may render this Agreement null and void and relieve ACCG-IRMA from all liability, ACCG-IRMA agrees to provide coverage as follows:

1. **AGREEMENT PERIOD**

   FROM: 01-JUL-2008   TO: 01-JUL-2009

   at 12:01 am local time at Named Member's address shown above.

II. **COVERAGE SUMMARY**
   NOTE:   Extensions and Sub-limits may apply to various Sections - see specific coverage Section for details.

| SECTION 1 - PROPERTY COVERAGE (INCLUDING EQUIPMENT BREAKDOWN COVERAGE) | LIMITS OF LIABILITY PER OCCURRENCE LIMITS: | DEDUCTIBLE |
|---|---|---|
| A. Real and Personal Property | Replacement Cost, subject to separate Per Occurrence and Aggregate limits below: | $25,000 |
| Earthquake | $5,000,000 | |
| Flood | $5,000,000 | |
| Except as respects locations situated wholly or partially within Flood Zones A or V* | $1,000,000 | |

*Note: All loss or damage to property within Flood Zones A and V is excluded from coverage unless scheduled as such with IRMA.

Rd. 070108

1

**ASSOCIATION COUNTY COMMISSIONERS OF GEORGIA
INTERLOCAL RISK MANAGEMENT AGENCY
COMBINED AUTOMOBILE, CRIME, LIABILITY AND PROPERTY COVERAGES
MEMBER COVERAGE AGREEMENT**

## GENERAL COVERAGE DECLARATIONS (continued)

| | LIMITS OF LIABILITY PER OCCURRENCE LIMITS: | DEDUCTIBLE |
|---|---|---|
| B. Automobile Physical Damage and Mobile Equipment | Per Schedule on file with IRMA | $25,000 |
| SECTION II - COMPREHENSIVE GENERAL LIABILITY | $2,000,000 | $25,000 |
| SECTION III - LAW ENFORCEMENT LIABILITY | $2,000,000 | $25,000 |
| SECTION IV - AUTOMOBILE LIABILITY Combined Single Limit (or Split Limits as follows: Bodily Injury Per Person/Bodily Injury Aggregate/ Property Damage) | $2,000,000 | $25,000 |
| SECTION V - ERRORS AND OMISSIONS LIABILITY Part A - Public Officials Errors and Omissions Liability Part B - Employee Benefits Liability | $2,000,000 per Wrongful Act and $4,000,000 annual aggregate. These limits apply in total over Part A and Part B and not separately to each Part. | $25,000 |

NOTE: *Part B, Employee Benefits Liability, is afforded on a Claims-Made basis and contains provisions, which may be different from those of other Sections of this Agreement.*

A retroactive date of 01 JUL-1988 applies to this Coverage Agreement as respects Section V, Part B - Employee Benefits Liability.

| SECTION VI - CRIME COVERAGE | PER OCCURRENCE LIMIT: | DEDUCTIBLE $25,000 |
|---|---|---|
| A. Money and Securities (Loss Inside the Premises) | $150,000 | |
| B. Money and Securities (Loss Outside the Premises) | $150,000 | |
| C. Blanket Employee Dishonesty and Faithful Performance | $50,000 Per Employee | |
| D. Statutory Bonds | Various Limits | |
| E. Forgery and Alteration | $150,000 | |
| F. Computer Theft and Funds Transfer Fraud | $150,000 | |
| G. Money Orders and Counterfeit Currency | $150,000 | |

Ed. 070108

2

14

ASSOCIATION COUNTY COMMISSIONERS OF GEORGIA
INTERLOCAL RISK MANAGEMENT AGENCY
COMBINED AUTOMOBILE, CRIME, LIABILITY AND PROPERTY COVERAGES
MEMBER COVERAGE AGREEMENT

GENERAL COVERAGE DECLARATIONS (continued)

SECTION VII - GENERAL COVERAGE CONDITIONS

SECTION VIII - GENERAL COVERAGE EXCLUSIONS

III. **DEDUCTIBLE**

As respects any one Occurrence or, with respect to coverage under Section V - Errors and Omissions Liability, Wrongful Act, the IRMA limit of liability hereon shall be reduced by the deductible(s) shown under II. Coverage Summary above.

As respects to a location wholly or partially within Flood Zones A & V, the IRMA limit of liability will be excess of the maximum limits available in the National Flood Insurance Program ($500,000 for loss or damage to Building Property and $500,000 for loss or damage to Personal Property for any one occurrence). Should the amount of loss payable under such National Flood Insurance Policy(s) exceed the applicable flood deductible under this Coverage Agreement, then no deductible shall apply hereunder. However, if the amount to be paid under such National Flood Insurance Policy(s) is less than the applicable flood deductible under this Coverage Agreement, then the amount to be deducted hereunder shall not exceed the difference between the amount to be paid under the Named Member's such National Flood Insurance Policy(s) and the applicable flood deductible under this Coverage Agreement. "Flood Zones A & V" wherever used herein, means the locations designated by the Federal Emergency Management Agency (FEMA) as subject to a flood frequency up to and including the 100 year frequency; except when a finished floor elevation is determined to be above the level of the 100 year flood, or when such location is protected by dams, levees, dikes or walls which (a) protect such areas from at least the level of the 100 year flood, and (b) have no openings or flood gates, and (c) were built by and either maintained or inspected by the Army Corp. of Engineers.

In the event that more than one Deductible could apply to the same loss, only the highest Deductible will be applied.

IV. **CONTRIBUTION**                        As stated in the Contribution Worksheet.

The contribution indicated in the worksheet is subject to review by underwriters at each anniversary for the forthcoming period of coverage based on current underwriting information.

V. **APPLICATION DATED**                    As stated on the application.

VI. **TERRITORIAL SCOPE**
This coverage applies worldwide with the exception of any country or jurisdiction which is subject to trade or other economic sanction or embargo by the United States of America, but only if a claim is made or a suit is brought for such Occurrence or Wrongful Act in the United States of America, and provided in the case of liability coverage the Member's responsibility to pay damages is

Ed. 07/01/08                           3

15

ASSOCIATION COUNTY COMMISSIONERS OF GEORGIA
INTERLOCAL RISK MANAGEMENT AGENCY
COMBINED AUTOMOBILE CRIME, LIABILITY AND PROPERTY COVERAGES
MEMBER COVERAGE AGREEMENT

GENERAL COVERAGE DECLARATIONS (continued)

determined in a suit on the merits in the United States of America (including its territories and possessions), Puerto Rico, or Canada or in a settlement IRMA agrees to.

VII. **NAMED MEMBER**

The entity indicated on page one (1) of this Coverage Agreement that has entered into this contract with IRMA.

VIII. **MEMBER**

It is agreed that the unqualified word "Member" wherever used in this Coverage Agreement includes not only the Named Member, but also:

A. Any official, trustee, director, officer, or employee of the Named Member while acting within the scope of his or her duties as such; any volunteer acting for or on behalf of the Named Member, provided said individual has been authorized to act on behalf of the Named Member by an official, director or supervisory officer of the Named Member; and any person, organization, trustee or estate to whom the Named Member is obligated by virtue of written contract or agreement to provide coverage such as is offered by this Coverage Agreement but only in respect to operations by or on behalf of the Named Member, and only to the extent called for in the contract or agreement, but in no event for greater coverage than is otherwise afforded by this Coverage Agreement.

B. Under Section IV - Automobile Liability, any person while using a Covered Automobile and any person or organization legally responsible for the use thereof, provided the actual use of the Covered Automobile is by a Member or with his permission. This coverage with respect to any person or organization other than the Named Member does not apply:

1. To any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any accident arising out of the operation thereof;

2. To any employee with respect to injury to or sickness, disease or death of another employee of the same Named Member injured in the course of such employment in an accident arising out of the maintenance or use of the Automobile in the business of such Named Member;

3. With respect to any Hired Automobile, to the owner or a lessee thereof, other than the Named Member, nor to any agent or employee of such owner or lessee.

The inclusion hereunder of more than one Member shall not operate to increase IRMA's limits of liability.

Ed. 07/01/05

16

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 25, 2010, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Andrew H. Marshall, Esq. | G. Kevin Morris |
| Begnaud & Marshall, LLP | Williams, Morris & Waymire, LLC |
| 1091-B Founders Boulevard | Building 400, Suite A |
| P.O. Box 8085 | 4330 South Lee Street, NE |
| Athens, Georgia 30603-8085 | Buford, Georgia 30518 |
| dmarshall@athens1867.com | kevin@wmwlaw.com |

      /S Brian Spears, ECF-Registered Attorney
Georgia Bar No. 670112
Attorney for Plaintiffs
1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: bspears@mindspring.com