IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JUSTIN FINCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:10-CV-0062-WCO |
| ) | |
| DONALD SHANE BROWN, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DONALD SHANE BROWN'S INITIAL DISCLOSURES

**1.**

If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response:** Not applicable.

**2.**

Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a

question of misjoinder of parties, provide the reasons for defendant's contention.

**Response:** Not applicable.

3.

Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Response:** This defendant was employed as a detention officer at the Jackson County jail on the evening of November 12, 2008. Ricky Finch had been arrested by City of Arcade police officers earlier that day and had been transported to the Jackson County Jail. During the booking process, another detention officer elicited an affirmative response to the question of whether the inmate's behavior suggested the risk of suicide. A directive was made to place Mr. Finch in a segregation cell but supervisory personnel concluded that stripping Mr. Finch of his personal items and putting him in a suicide smock was not necessary. Moreover, Defendant Brown understood that he was supposed to check on the decedent as frequently as he could reasonably do consistent with his other duties but not within any specific time intervals. Because of

other responsibilities Defendant Brown did not check on Mr. Finch before he apparently committed suicide and did not observe any actions that were taken in connection. In any event, it is a matter of speculation about whether checks within specified time intervals would have prevented Mr. Finch's death thus causation is disputed.

**4.**

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:** Under 42 U.S.C. §1983, plaintiff must prove that the defendant official had subjective knowledge of the serious risk of serious harm and disregarded that risk by conduct that constituted more than mere negligence. Gish v. Thomas, 516 F. 3d 952, 954 (11th Cir. 2008). More is required to be shown than "the mere opportunity for suicide." Tittle v. Jefferson Co. Commission, 10 F. 3d 1535, 1540 (11th Cir. 1994)

Deliberate indifference in a jail suicide case requires that the defendant deliberately disregard a strong likelihood rather than a mere possibility that self-infliction of harm

would occur. <u>Cook ex rel. Estate of Tessie v. Sheriff of Monroe County</u>, 402 F. 3d 1092, 1115 (11th Cir.).

The doctrine of qualified immunity provides governmental officials performing discretionary function with liability for civil damages insofar as their conduct does not violate clearly the established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 US 800, 102 S. Ct. 2727, 73 L. Ed 2d 396 (1982). If defendant establishes he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. <u>Lee v. Ferraro</u>, 284 F. 3d 1188, 1194 (11th Cir. 2002).

Causation is a required element of plaintiff's burden in establishing a claim of deliberate indifference to a substantial risk of serious harm to an inmate. <u>Hale v. Tallapoosa County</u>, 50 F. 3d 1579 (11th Cir. 1995).

### 5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the

information. (Attach witness list to Initial Disclosures as Attachment A).

**Response:** See Attachment A.

### 6.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B).

**Response:** Defendant has not retained any expert witness.

### 7.

Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

**Response:** See Attachment C.

8.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**Response:** Not applicable.

9.

If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:** Defendant is not presently making any contention that some other person or legal entity is liable to the plaintiffs or to the defendants.

**10.**

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as attachment E.).

**Response:** The declarations page of the operative ACCG-IRMA agreement is attached.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP

s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Defendant Donald Shane Brown's Initial Disclosures** in an envelope with adequate postage addressed to:

> George Brian Spears, Esq.
> Law Office of Brian Spears
> 1126 Ponce de Leon Avenue
> Atlanta, Georgia 30306
>
> Albert Wan, Esq.
> Albert Wan, Attorney at Law
> Suite 200
> 1201 Peachtree Street
> 400 Colony Square
> Atlanta, Georgia 30361
>
> Gary M. Shapiro, Esq.
> Law Office of Gary M. Shapiro
> Suite 1500-20
> 400 Galleria Parkway
> Atlanta, Georgia 30339
>
> G. Kevin Morris, Esq.
> Williams, Morris & Waymire
> 4330 South Lee Street, NE
> Building 400, Suite A
> Buford, Georgia 30518

This 9th day of September, 2010.

> s/Andrew H. Marshall
> Andrew H. Marshall

## ATTACHMENT A

This defendant is unaware at the present time of any other persons than those set forth in Attachment A of Plaintiff's Initial Disclosures which is hereby incorporated by reference.

**ATTACHMENT C**

This defendant is currently unaware of any documents which are encompassed by paragraph 7 hereof which are not set forth in Attachment C to Plaintiff's Initial Disclosures which is hereby incorporated by reference.



## ACCG-Interlocal Risk Management Agency
# Summary of Insurance

Coverage Agreement/Policy No.: 3300

Named Member: Jackson County
67 Athens Street
Jefferson GA 30549

ACCG IRMA Admininstrator:
Marsh USA Inc.
3475 Piedmont Road NE, Suite 1200
Atlanta, GA 30305
Phone (800) 295-8179/(404) 995-3607
Fax (404) 760-5725
accg.admin@marsh.com

**Coverage:** 12:01 A.M. Standard Time at Member's mailing address from July 1, 2008 TO July 1, 2009

| | LIMITS: | DEDUCTIBLES: |
|---|---|---|
| **Property Coverages(including Equipment Breakdown)** | | |
| Real and Personal Property: | Per Schedule on File | $25,000 |
| Automobile Physical Damage and Mobile Equipment: | Per Schedule on File | $25,000 |
| **Casualty Coverages** | | |
| General Liability - Section II: | $2,000,000 | $25,000 |
| Law Enforcement Liability - Section III: | $2,000,000 | $25,000 |
| Automobile Liability - Section IV: | | $25,000 |
|   Combined Single Limit (or Split Limits as follows: | $2,000,000 | |
|   Bodily Injury Per Person/Bodily Injury Aggregate/ Property Damage) | | |
| Errors and Omissions Liability - Section V: | $2,000,000 | $25,000 |
| **Crime Coverages** | | $25,000 |
| Money and Securities: | | |
|   Within Premises - Section VI. A: | $150,000 | |
|   Outside Premises - Section VI. B: | $150,000 | |
| Blanket Employee Dishonesty and Faithful Performance - Section VI. C: | $50,000 | |
| Statutory Bonds - Section VI. D: | As Required | |
| Forgery and Alteration - Section VI. E: | $150,000 | |
| Computer Theft and Funds Transfer Fraud - Section VI. F: | $150,000 | |
| Money Orders and Counterfeit Currency - Section VI. G: | $150,000 | |

Coverage is subject to all terms, conditions, and internal limits as specified in the ACCG-IRMA Coverage Agreement. If multiple coverages are involved, the highest deductible applies.

June 24, 2008