```
           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF GEORGIA
                   GAINESVILLE DIVISION

JAMES FINCH and JUSTIN FINCH,    )
A Minor, by and through his next )
Friend, Kim Biondi, and The      )
ESTATE OF RICKY G. FINCH, by     )
And through the Temporary        )
Administrator of his estate, James )
Nelson Finch,                    )   CIVIL ACTION FILE NO.
                                 )   2:10-CV-0062-WCO
     Plaintiffs,                 )
                                 )
vs.                              )
                                 )
DONALD SHANE BROWN, in his       )
individual capacity, and PHILLIP )
STANLEY, in his individual       )
capacity,                        )
                                 )
     Defendants.                 )
                                 )
```

**DEFENDANT STANLEY'S RESPONSES TO INITIAL DISCLOSURES**

COMES NOW Defendant Stanley in this action, and files this his Responses to Initial Disclosures as follows:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:** Defendant Stanley is properly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of

misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:** None.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:** On November 12, 2008, Decedent Finch was brought into the Jackson County jail. Upon being alerted that Finch might be a suicide risk, Defendant Stanley directed that he be placed on suicide watch. Decedent Finch was then placed in an observation cell. Later that same shift, Defendant Stanley entered the control tower and noticed on the monitor for Decedent Finch's cell that Finch had strangled himself. Defendant Stanley immediately initiated procedures to get Finch medical attention. Efforts to revive Decedent Finch were unsuccessful. Defendant Stanley denies all liability attributable to Decedent Finch's death and denies that he proximately caused decedent to suffer a constitutional deprivation.

Even if the decedent's rights are found to have been violated, Defendant Stanley individually is entitled to qualified immunity as to all claims under 42 U.S.C. § 1983, because he was at all times performing objectively reasonable, discretionary acts within the course and scope of his duties as public officers, and did not violate clearly established law.  Similarly, official immunity bars

all state law claims against Defendant Stanley in his individual capacity, since at all relevant times he was performing discretionary official law enforcement duties, with no malice toward the decedent.

Finally, decedent's decision to hang himself was the sole proximate cause of his injury and death.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:** Defendant Stanley regards such information as attorney work product, but generally responds as follows:

- 42 U.S.C. § 1983 and case law detailing the principle and parameters of qualified immunity;
- 42 U.S.C. § 1988;
- Fourteenth Amendment to the United States Constitution and interpretive case law;
- Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982);
- Malley v. Briggs, 475 U.S. 335, 341 (1986);
- Anderson v. Creighton, 483 U.S. 635, 640 (1987);
- Saucier v. Katz, 533 U.S. 194 (2001);
- Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986);
- Monell v. Dept. of Social Services, 436 U.S. 658 (1978);

- Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994);
- Purcell ex rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313, 1325 (11th Cir. 2005);
- Tittle v. Jefferson County, 10 F.3d 1535 (11th Cir. 1994);
- Rooney v. Watson, 101 F.3d 1378, 1381 -1382 (11th Cir. 1996);
- Ga. Const. of 1983, Art. I, § II, ¶ IX and interpreting case law;
- John Crane, Inc. v. Jones, 278 Ga. 747, 751, 604 S.E.2d 822, 826 (2004) ("Under Georgia law, proximate cause is an essential element of the plaintiff's case…").

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as **Attachment A.**)

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as **Attachment B.**)

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things

in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as **Attachment C**.)

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as **Attachment D**.)

**RESPONSE:** Not applicable.

(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** Not applicable at this stage in litigation.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or

reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as **Attachment E**.)

This 17th day of September, 2010.

          WILLIAMS, MORRIS & WAYMIRE, LLC

          /s/ G. Kevin Morris
          G. Kevin Morris
          Williams, Morris & Waymire, LLC
          Attorney for Defendant Stanley

Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
678-541-0790
678-541-0789 FAX
kevin@wmwlaw.com

~ 7 ~

## ATTACHMENT A

- All witnesses identified by Plaintiff in response to Initial Disclosures.

**ATTACHMENT B**

Defendant Stanley has not yet identified any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

**ATTACHMENT C**

All items listed by Plaintiffs in Attachment C to their Initial Disclosures.

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT STANLEY'S RESPONSES TO INITIAL DISCLOSURES** upon all parties electronically through the Court's CM/ECF system, as follows:

>Brian Spears
>Attorney at Law
>1126 Ponce de Leon Avenue
>Atlanta, GA 30306
>
>Albert Wan
>Attorney at Law
>1201 Peachtree Street
>400 Colony Square, Ste 200
>Atlanta, GA 30361
>
>Gary M. Shapiro
>Attorney at Law
>400 Galleria Parkway, Ste 1500-20
>Atlanta, GA 30339
>
>Andrew H. Marshall
>Begnaud & Marshall, LLP
>P. O. Box 8085
>Athens, GA 30603-8085

This 17th day of September, 2010.

>WILLIAMS, MORRIS & WAYMIRE, LLC
>
>/s/ G. Kevin Morris
>G. KEVIN MORRIS
>Georgia Bar No. 523895

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790 Telephone
678-541-0789 Telecopier
kevin@wmwlaw.com