IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JUSTIN FINCH, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | )  CIVIL ACTION NO.: ) 2:10-CV-0062-WCO |
| DONALD SHANE BROWN, et al., | ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANT BROWN TO AMENDED COMPLAINT FOR DAMAGES

NOW COMES Defendant Donald Shane Brown, by and through counsel, and hereby responds to the amended complaint for damages as follows:

### FIRST DEFENSE

The amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs are or may not be the real parties in interest entitled to pursue the claims for which recovery is sought in this action.

### THIRD DEFENSE

This defendant is or may be entitled to the protection of qualified, official, or governmental immunity with regard to plaintiffs' claims for damages or other monetary relief.

## FOURTH DEFENSE

This defendant responds to the specific allegations of the amended complaint as follows:

### JURISDICTION

**1.**

Paragraph 1 is admitted.

### VENUE

**2.**

This defendant admits that venue is proper within the Gainesville Division of the United States District Court for the Northern District of Georgia.

### PARTIES

**3.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

**4.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

**5.**

This defendant is without knowledge or information sufficient to form a belief as to what plaintiff means by the phrase "at all time pertinent hereto" and is therefore unable to admit or deny paragraph 5.

6.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

**FACTUAL ALLEGATIONS**

8.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.

This defendant is without knowledge as to whether his shift as a detention officer had begun at the time that Finch arrived at the Jackson County Jail.

11.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.

This defendant admits that Officer Clark was an employee of the Jackson County Sheriff's Office and was performing the booking process in connection with Mr. Finch which included the questionnaire referred to in paragraph 12.

13.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

**16.**

Paragraph 16 is admitted.

**17.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

**18.**

Paragraph 18 is admitted.

**19.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

**20.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

**21.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

**22.**

Paragraph 22 is denied.

**23.**

Paragraph 23 is admitted.

**24.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

**25.**

Paragraph 25 is denied.

**26.**

Defendant Brown did not place Finch into the cell and therefore paragraph 26 is denied. However, Defendant Brown admits that he did not check the cell as was documented in the log he prepared.

**27.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

**28.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

### 29.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

### 30.

This defendant admits that Plaintiff Finch successfully committed suicide.

### 31.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

### 32.

This defendant admits that there was a video image of the cell in which Finch was housed and that images were visible on video monitors within the jail.

### 33.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

### 34.

The second sentence of paragraph 34 is denied. Defendant Brown is without knowledge or information sufficient to form a belief as to when the time of death occurred but admits that it was after Finch hung himself.

**35.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

**36.**

Defendant Brown admits that after he responded to the segregation cell where Finch was housed and during a resuscitation effort, Defendant Stanley told him to insure that the watch log was completed before other persons started getting there.

**37.**

Paragraph 27 is admitted.

**38.**

Paragraph 38 is admitted.

**39.**

Paragraph 39 is admitted.

**40.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

**41.**

This defendant admits that after his initial statement that he had made the fifteen minute checks, he recanted the statement and admitted that the log was not prepared until after the fact.

**42.**

Paragraph 42 is admitted.

**43.**

Paragraph 43 is admitted.

**44.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 as phrased.

**45.**

Paragraph 45 is denied.

**46.**

Paragraph 46 is denied.

**47.**

Paragraph 47 is denied.

**48.**

Paragraph 48 is denied.

### 49.

This defendant admits that he did not perform fifteen minute checks on Finch.

### 50.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

### 51.

This defendant admits that Stanley did not supervise him in performing the fifteen minute checks.

### 52.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

### 53.

This defendant admits that Stanley did not insure that Finch wore a "suicide smock" and was not stripped of his personal belongings including socks.

### 54.

Paragraph 54 is denied.

### 55.

Paragraph 55 is denied.

### 56.

Paragraph 56 is denied as alleged.

### 57.

Paragraph 57 is denied.

### 58.

Paragraph 58 is denied.

### 59.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

## CAUSES OF ACTION

### 60.

Paragraph 60 is denied.

### 61.

Paragraph 61 is denied.

### 62.

Paragraph 62 is denied.

## DAMAGES

### 63.

Paragraph 63 is denied.

### 64.

Paragraph 65 is denied.

### 65.

- 11 -

Any allegations of the amended complaint for damages to which no specific response has been made is denied.

WHEREFORE, having fully responded to the amended complaint for damages, this defendant requests that his defenses be sustained, that the complaint be dismissed with prejudice, that costs be taxed against plaintiff, and that he have such other and further relief as the court deems just, equitable, and proper.

This defendant also demands trial by jury.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP


s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant
Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Answer of Defendant Brown to Amended Complaint for Damages** in an envelope with adequate postage addressed to:

>Albert Wan, Esq.
>Albert Wan, Attorney at Law
>Suite 200
>1201 Peachtree Street
>400 Colony Square
>Atlanta, Georgia 30361
>
>George Brian Spears, Esq.
>Law Office of Brian Spears
>1126 Ponce de Leon Avenue
>Atlanta, Georgia 30306
>
>Gary M. Shapiro, Esq.
>Law Office of Gary M. Shapiro
>Suite 1500-20
>400 Galleria Parkway
>Atlanta, Georgia 30339
>
>G. Kevin Morris, Esq.
>Williams, Morris & Waymire
>4330 South Lee Street, NE
>Building 400, Suite A
>Buford, Georgia  30518

This 24th day of September, 2010.

>s/Andrew H. Marshall
>Andrew H. Marshall