```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                    GAINESVILLE DIVISION
```

| | |
|---|---|
| JAMES FINCH and JUSTIN FINCH,<br>A Minor, by and through his next<br>Friend, Kim Biondi, and The<br>ESTATE OF RICKY G. FINCH, by<br>And through the Temporary<br>Administrator of his estate, James<br>Nelson Finch,<br><br>    Plaintiffs,<br><br>vs.<br><br>DONALD SHANE BROWN, in his<br>individual capacity, and PHILLIP<br>STANLEY, in his individual<br>capacity,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>2:10-CV-0062-WCO |

## DEFENDANT PHILLIP STANLEY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

COMES NOW PHILLIP STANLEY, a Defendant in the above-styled matter, and responds to Plaintiffs' Amended Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint, and each and every paragraph set forth therein, fails to state or set forth claims against this Defendant upon which relief may be granted.

### SECOND DEFENSE

For his second defense, Defendant Stanley answers and

responds to the numbered sections and paragraphs of Plaintiffs' Amended Complaint as follows:

## Jurisdiction

1.

Defendant Stanley shows that Paragraph 1 of Plaintiffs' Amended Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 1 of Plaintiffs' Amended Complaint, said inferences and allegations of liability are hereby expressly denied.

## Venue

2.

Defendant Stanley shows that Paragraph 2 of Plaintiffs' Amended Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 2 of Plaintiffs' Amended Complaint, said inferences and allegations of liability are hereby expressly denied.

## Parties

3.

This Defendant can neither admit nor deny the allegations set forth in paragraph 3 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

4.

This Defendant can neither admit nor deny the allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

5.

This Defendant can neither admit nor deny the allegations set forth in paragraph 5 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

6.

Defendant Stanley admits that he was employed by the Jackson County Sheriff and that he was acting under color of state law.  In further response, Defendant Stanley admits the

allegations set forth in the second sentence of Plaintiffs' Amended Complaint upon information and belief.

7.

This Defendant can neither admit nor deny the allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

### Factual Allegations

8.

This Defendant admits the allegations set forth in paragraph 8 of Plaintiffs' Amended Complaint upon information and belief.

9.

This Defendant admits the allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint upon information and belief.

10.

This Defendant can neither admit nor deny the allegations set forth in the first sentence of paragraph 10 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same. In further response,

this Defendant denies the allegations set forth in the second sentence of paragraph 10 of Plaintiffs' Amended Complaint.

11.

This Defendant admits the allegations set forth in paragraph 11 of Plaintiffs' Amended Complaint.

12.

Defendant Stanley admits the allegations set forth in the first sentence of paragraph 12 of Plaintiffs' Amended Complaint. This Defendant admits the allegations set forth in the second sentence of paragraph 12 of Plaintiffs' Amended Complaint upon information and belief.

13.

This Defendant admits the allegations set forth in paragraph 13 of Plaintiffs' Amended Complaint upon information and belief.

14.

This Defendant admits the allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint.

15.

This Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Amended Complaint.

16.

This Defendant admits the allegations set forth in paragraph 16 of Plaintiffs' Amended Complaint.

17.

This Defendant admits the allegations set forth in paragraph 17 of Plaintiffs' Amended Complaint.

18.

This Defendant denies the allegations set forth in paragraph 18 of Plaintiffs' Amended Complaint in the form and manner alleged.

19.

This Defendant admits the allegations set forth in paragraph 19 of Plaintiffs' Amended Complaint.

20.

This Defendant denies the allegations set forth in paragraph 20 of Plaintiffs' Amended Complaint in the form and manner alleged.

21.

This Defendant denies the allegations set forth in the first sentence of paragraph 21 of Plaintiffs' Amended Complaint and admits only that Gailey informed that Finch had been placed on suicide watch.  This Defendant can neither admit nor deny the remaining allegations set forth in paragraph 21 of Plaintiffs'

Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

22.

This Defendant admits the allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint.

23.

This Defendant admits the allegations set forth in paragraph 23 of Plaintiffs' Amended Complaint.

24.

This Defendant admits the allegations set forth in paragraph 24 of Plaintiffs' Amended Complaint upon information and belief.

25.

This Defendant admits the allegations set forth in paragraph 25 of Plaintiffs' Amended Complaint.

26.

This Defendant can neither admit nor deny the allegations set forth in paragraph 26 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

27.

This Defendant denies the allegations set forth in paragraph 27 of Plaintiffs' Amended Complaint in the form and manner alleged.

28.

In response to the allegations set forth in paragraph 28 of Plaintiffs' Amended Complaint, this Defendant admits only that Finch kept personal socks and that Finch made a noose with socks.

29.

This Defendant admits the allegations set forth in paragraph 29 of Plaintiffs' Amended Complaint.

30.

This Defendant can neither admit nor deny the allegations set forth in the first sentence of Paragraph 30 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same. This Defendant admits the allegations set forth in the second sentence of paragraph 30 of Plaintiffs' Amended Complaint.

31.

This Defendant admits the allegations set forth in the first sentence of paragraph 31 of Plaintiffs' Amended Complaint upon information and belief.  In response to the allegations set forth in the second sentence of paragraph 31 of Plaintiffs' Amended Complaint, this Defendant shows that the allegations set forth therein are directed against persons and/or entities other than this Defendant and for whom this Defendant has no right of control or responsibility; accordingly, the allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint require no response from this Defendant; all allegations and inferences of liability set forth against this Defendant in same are hereby denied.

32.

This Defendant admits the allegations set forth in paragraph 32 of Plaintiffs' Amended Complaint.

33.

This Defendant can neither admit nor deny the allegations set forth in paragraph 33 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

34.

This Defendant can neither admit nor deny the allegations set forth in paragraph 34 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

35.

This Defendant admits the allegations set forth in paragraph 35 of Plaintiffs' Amended Complaint.

36.

This Defendant admits the allegations set forth in the first sentence of paragraph 36 of Plaintiff's Amended Complaint and denies the allegations set forth in the second sentence of paragraph 36 of Plaintiff's Amended Complaint.

37.

This Defendant denies the allegations set forth in paragraph 37 of Plaintiffs' Amended Complaint.

38.

This Defendant can neither admit nor deny the allegations set forth in paragraph 38 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

39.

This Defendant can neither admit nor deny the allegations set forth in paragraph 39 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

40.

This Defendant denies the allegations set forth in paragraph 40 of Plaintiffs' Amended Complaint in the form and manner alleged.

41.

This Defendant can neither admit nor deny the allegations set forth in paragraph 41 of Plaintiffs' Amended Complaint for want of sufficient first-hand information upon which to form a belief as to the truth thereof, and hereby puts Plaintiffs upon strict proof of same.

42.

This Defendant denies the allegations set forth in paragraph 42 of Plaintiffs' Amended Complaint in the form and manner alleged.

43.

In response to the allegations set forth in paragraph 43 of Plaintiffs' Amended Complaint, this Defendant admits only that he received training in jail suicides.

44.

This Defendant admits the allegations set forth in paragraph 44 of Plaintiffs' Amended Complaint.

45.

This Defendant denies the allegations set forth in paragraph 45 of Plaintiffs' Amended Complaint.

46.

In response to the allegations set forth in paragraph 46 of Plaintiffs' Amended Complaint, this Defendant shows that the allegations set forth therein are directed against persons and/or entities other than this Defendant and for whom this Defendant has no right of control or responsibility; accordingly, the allegations set forth in Paragraph 46 of Plaintiffs' Amended Complaint require no response from this Defendant; all allegations and inferences of liability set forth against this Defendant in same are hereby denied.

47.

This Defendant denies the allegations set forth in Plaintiffs' Amended Complaint as stated.

48.

Defendant Stanley shows that Paragraph 48 of Plaintiffs' Amended Complaint purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 48 of Plaintiffs' Complaint, said inferences and allegations of liability are hereby expressly denied.

49.

This Defendant admits the allegations set forth in paragraph 49 of Plaintiffs' Amended Complaint upon information and belief.

50.

This Defendant denies the allegations set forth in paragraph 50 of Plaintiffs' Amended Complaint.

51.

This Defendant denies the allegations set forth in paragraph 51 of Plaintiffs' Amended Complaint.

52.

This Defendant denies the allegations set forth in the first sentence of paragraph 52 of Plaintiffs' Amended Complaint. In further response, Defendant Stanley shows that the second sentence in paragraph 52 of Plaintiffs' Amended Complaint

purports to be conclusions of law, not allegations of fact that can be admitted or denied; to the extent any allegation or inference of liability is asserted against this Defendant in Paragraph 52 of Plaintiffs' Amended Complaint, said inferences and allegations of liability are hereby expressly denied.

53.

This Defendant denies the allegations set forth in paragraph 53 of Plaintiffs' Amended Complaint.

54.

This Defendant denies the allegations set forth in paragraph 54 of Plaintiffs' Amended Complaint.

55.

This Defendant denies the allegations set forth in paragraph 55 of Plaintiffs' Amended Complaint.

56.

This Defendant denies the allegations set forth in paragraph 56 of Plaintiffs' Amended Complaint.

57.

This Defendant denies the allegations set forth in paragraph 57 of Plaintiffs' Amended Complaint as stated.

58.

This Defendant denies the allegations set forth in paragraph 58 of Plaintiffs' Amended Complaint.

59.

This Defendant denies the allegations set forth in paragraph 59 of Plaintiffs' Amended Complaint.

### Causes of Action

60.

This Defendant denies the allegations set forth in paragraph 60 of Plaintiffs' Amended Complaint.

61.

This Defendant denies the allegations set forth in paragraph 61 of Plaintiffs' Amended Complaint.

62.

This Defendant denies the allegations set forth in paragraph 62 of Plaintiffs' Amended Complaint.

### Damages

63.

This Defendant denies the allegations set forth in paragraph 63 of Plaintiffs' Amended Complaint.

64.

This Defendant denies the allegations set forth in paragraph 64 of Plaintiffs' Amended Complaint.

Prayer for Relief

65.

This Defendant denies any and all other allegations set forth against him in Plaintiffs' Amended Complaint not expressly admitted above, and it specifically denies all allegations and inferences of liability set forth against it in Plaintiffs' Amended Complaint in its entirety.

66.

This Defendant denies the allegations set forth in the "Prayer for Relief" paragraph of Plaintiffs' Amended Complaint.

67.

Defendant Stanley denies any and all other allegations set forth against him in Plaintiffs' Amended Complaint not expressly admitted above, and he specifically denies all allegations and inferences of liability set forth against him in Plaintiffs' Amended Complaint in its entirety

**THIRD DEFENSE**

Defendant Stanley is entitled to qualified immunity from suit and liability in this action, as he did not violate any clearly established Constitutional rights of which a reasonable official would have known under the same facts and circumstances known by him.

### **FOURTH DEFENSE**

Defendant Stanley was performing discretionary acts within the course and scope of his employment at all times relevant to this litigation, and this Defendant performed said discretionary acts in good faith, and without any malice or intent to cause injury to the Plaintiff; accordingly, Defendant Stanley is entitled to official immunity from suit and liability with respect to any state law claims.

### **FIFTH DEFENSE**

Plaintiffs' alleged damages and injuries, if any, were proximately caused by persons and/or entities other than this Defendant.

### **SIXTH DEFENSE**

This Defendant Stanley avers that Plaintiffs do not have standing to assert some or all of the claims set forth in his Complaint.

WHEREFORE, having fully answered, Defendant Phillip Stanley prays that judgment be entered in his favor and against the Plaintiffs, that Plaintiffs take nothing, and that this Defendant be awarded its costs incurred in defending this action.

**TRIAL BY JURY IS DEMANDED**

This 27th day of September, 2010.

                                        WILLIAMS, MORRIS & WAYMIRE, LLC

                                        /s/ G. Kevin Morris
                                        G. KEVIN MORRIS
                                        Georgia Bar No. 523895

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
T: 678-541-0790
F: 678-541-0789
kevin@wmwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing ANSWER AND DEFENSES OF DEFENDANT PHILLIP STANLEY TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES upon all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Brian Spears
Attorney at Law
1126 Ponce de Leon Avenue
Atlanta, GA 30306

Albert Wan
Attorney at Law
1201 Peachtree Street
400 Colony Square, Ste 200
Atlanta, GA 30361

Gary M. Shapiro
Attorney at Law
400 Galleria Parkway, Ste 1500-20
Atlanta, GA 30339

Andrew H. Marshall
Begnaud & Marshall, LLP
P. O. Box 8085
Athens, GA 30603-8085

This 27th day of September, 2010.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ G. Kevin Morris
G. KEVIN MORRIS
Georgia Bar No. 523895
Attorney for Defendant Stanley

Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
T: 678 541-0790; F: 678 541-0789