IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINSEVILLE DIVISION

| | | |
|---|---|---|
| JAMES NELSON FINCH, JASON OTIS FINCH, JUSTIN FINCH, by and through his next friend, Kim Biondi, and THE ESTATE OF RICKY G. FINCH by and through the Temporary Administrator of his Estate, James Nelson Finch, | ) ) ) ) ) ) ) | CIVIL ACTION FILE 2: 10-CV-0062-WCO |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| DONALD SHANE BROWN, in his individual capacity, and PHILLIP STANELY, in his individual capacity, and RAYMOND GAILEY, in his individual capacity, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT RAYMOND GAILEY'S ANSWER AND DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Defendant Raymond Gailey, hereinafter "Gailey," and files this, his Answer and Defenses to Plaintiffs' Amended Complaint for Damages:

**FIRST DEFENSE**

Plaintiff's Amended Complaint for Damages, in whole or in part, fails to state a claim against Defendant Gailey upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims against Defendant Gailey are barred by the doctrines of qualified immunity, official immunity and sovereign immunity.

## THIRD DEFENSE

No alleged breach of duty or other acts by Defendant Gailey was a proximate cause of any damages alleged by Plaintiffs.

## FOURTH DEFENSE

Defendant Gailey is not liable to the Plaintiffs in any amount because he was not in any way negligent as alleged in the Plaintiffs' Amended Complaint for Damages or otherwise.

## FIFTH DEFENSE

Defendant Gailey is not liable to the Plaintiffs in any amount because the proximate cause of the incident complained of was the negligence of parties other than Defendant Gailey and, therefore Plaintiffs are barred from any recovery against Defendant Gailey.

## SIXTH DEFENSE

No alleged act or omission on the part of Defendant Gailey caused or contributed to the incident complained of and, therefore, Plaintiffs are barred from any recovery against Defendant Gailey.

2

## SEVENTH DEFENSE

Defendant Gailey is not liable to the Plaintiffs because the negligence of the decedent was equal to or greater than any alleged negligence of Defendant Gailey, which alleged negligence Defendant Gailey specifically denies, thereby barring Plaintiffs' recovery in this matter.

## EIGTH DEFENSE

Defendant Gailey asserts the defenses of contributory negligence and comparative fault and the decedent's intent to harm himself.

## NINTH DEFENSE

Plaintiffs failed to comply with all conditions precedent to filing suit against a county official, including without limitation, compliance with the ante litem notice requirements and Prisoner Reform Litigation Act.

## TENTH DEFENSE

To the extent as may be shown by evidence through discovery which provides factual or legal support, Defendant Gailey asserts and reserves the defenses of arbitration clauses, assumption of the risk, contributory and comparative fault, duress, failure of consideration, failure to mitigate, failure to exercise ordinary or due care, failure to satisfy a condition precedent, exhaustion of administrative remedies, fraud, illegality, fellow servant doctrine and exclusive

3

remedy, lack of proximate cause, license and consent, release and covenant not to sue, res judicata, issue and claim preclusion, statute of frauds, and statutes of limitation and waiver.

## **ELEVENTH DEFENSE**

For its Eleventh Defense, Defendant Gailey answers the enumerated paragraphs of Plaintiffs' Amended Complaint for Damages as follows:

### Jurisdiction

#### 1.

Defendant Gailey admits the allegations contained in Paragraph One (1) of Plaintiffs' Amended Complaint for Damages.

### Venue

#### 2.

Defendant Gailey denies as pled the allegations contained in Paragraph Two (2) of Plaintiffs' Amended Complaint for Damages.

Parties

3.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Three (3) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

4.

Defendant Gailey admits an Order granting Temporary Letters of Administration to James Nelson Finch is attached to Plaintiffs' Amended Complaint for Damages and that said Order speaks for itself.   Any allegation contained in Paragraph Four (4) of Plaintiffs' Amended Complaint for Damages that has not been responded to hereinabove is hereby denied.

5.

Defendant Gailey admits Defendant Donald Shane Brown was employed by the Jackson County, Georgia, Sheriff's Office on November 12, 2008.  Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Five (5) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

6.

Defendant Gailey admits Defendant Radford Phillip Stanley was employed by the Jackson County, Georgia, Sheriff's Office on November 12, 2008. Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Six (6) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

7.

Defendant Gailey admits a letter dated September 25, 2009, from Plaintiffs' counsel to the Jackson County Board of Commissioners and the County Manager for Jackson County is attached to Plaintiffs' Amended Complaint for Damages and that said correspondence speaks for itself.  Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seven (7) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

Factual Allegations

8.

Defendant Gailey admits Mr. Finch was arrested on November 12, 2008. Defendant Gailey denies as pled the allegations contained in Paragraph Eight (8) of Plaintiffs' Amended Complaint for Damages.

9.

Defendant Gailey admits the allegations contained in Paragraph Nine (9) of Plaintiffs' Amended Complaint for Damages.

10.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten (10) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

11.

Defendant Gailey admits the allegations contained in Paragraph Eleven (11) of Plaintiffs' Amended Complaint for Damages.

12.

Defendant Gailey admits Officer Krista Clark was employed by the Jackson County, Georgia, Sheriff's Office on November 12, 2008.  Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve (12) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

13.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen (13) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

14.

Defendant Gailey admits that he was assigned to the tower the night Mr. Finch the night of November 12, 2008.  Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph Fourteen (14) of Plaintiffs' Amended Complaint for Damages regarding whether Officer Clark advised Officer Stanley that Mr. Finch threatened to harm himself, and therefore, denies same.   Defendant Gailey denies all remaining allegations contained in Paragraph Fourteen (14) of Plaintiffs' Amended Complaint for Damages.

15.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen (15) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

16.

Defendant Gailey asserts that the Jackson County Sheriff's Office Standard Operating Procedures (hereinafter "SOPs") speaks for itself. Any allegation contained in Paragraph Sixteen (16) of Plaintiffs' Amended Complaint for Damages which is inconsistent with the SOPs is hereby denied.

17.

Defendant Gailey asserts that the Jackson County Sheriff's Office SOPs speaks for itself and any allegation which is inconsistent with the referenced SOPs is denied. Any allegation contained in Paragraph Seventeen (17) of Plaintiffs' Amended Complaint for Damages that has not been responded to hereinabove is hereby denied.

18.

Defendant Gailey asserts that the Jackson County Sheriff's Office SOPs speaks for itself. Any allegation contained in Paragraph Eighteen (18) of Plaintiffs' Amended Complaint for Damages that has not been responded to hereinabove is hereby denied.

19.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen (19) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

20.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty (20) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

21.

Defendant Gailey denies allegations contained in Paragraph Twenty-One (21) of Plaintiffs' Amended Complaint for Damages.

22.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Two (22) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

23.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Three (23) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

24.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Four (24) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

25.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Five (25) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

26.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Six (26) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

27.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Seven (27) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

28.

Defendant Gailey denies the allegations contained in Paragraph Twenty-Eight (28) of Plaintiffs' Amended Complaint for Damages.

29.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Nine (29) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

30.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty (30) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

31.

Defendant Gailey admits on that the interior of the cell occupied by Mr. Finch was recorded by video image recording equipment.   Defendant Gailey denies the remaining allegations contained in Paragraph Thirty-One (31) of Plaintiffs' Amended Complaint for Damages.

32.

Defendant Gailey admits a video image of the cell occupied by Mr. Finch was visible in the booking office.   Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirty-Two (32) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

33.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Three (33) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

34.

Defendant Gailey denies the allegations contained in Paragraph Thirty-Four (34) of Plaintiffs' Amended Complaint for Damages.

35.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Five (35) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

36.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Six (36) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

37.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Seven (37) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

38.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Eight (38) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

39.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine (39) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

40.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty (40) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

41.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-One (41) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

42.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Two (42) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

43.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Three (43) of Plaintiffs' Amended Complaint for Damages regarding training received by Defendants Stanley and Brown, and therefore, denies same.  Defendant Gailey denies the remaining allegations contained in Paragraph Forty-Three (43) of Plaintiffs' Amended Complaint for Damages.

44.

Defendant Gailey denies as plead the allegations contained in Paragraph Forty-Four (44) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

45.

Defendant Gailey denies the allegations contained in Paragraph Forty-Five (45) of Plaintiffs' Amended Complaint for Damages.

46.

Defendant Gailey denies the allegations contained in Paragraph Forty-Six (46) of Plaintiffs' Amended Complaint for Damages.

47.

Defendant Gailey denies as plead the allegations contained in Paragraph Forty-Seven (47) of Plaintiffs' Amended Complaint for Damages.

48.

Defendant Gailey denies as plead the allegations contained in Paragraph Forty-Eight (48) of Plaintiffs' Amended Complaint for Damages.

49.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Nine (49) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

50.

Defendant Gailey denies as pead the allegations contained in Paragraph Fifty (50) of Plaintiffs' Amended Complaint for Damages.

51.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-One (51) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

52.

Defendant Gailey denies as plead the allegations contained in Paragraph Fifty-Two (52) of Plaintiffs' Amended Complaint for Damages.

53.

Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Three (53) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

54.

Defendant Gailey denies the allegations contained in Paragraph Fifty-Four (54) of Plaintiffs' Amended Complaint for Damages.

55.

Defendant Gailey denies as plead the allegations contained in Paragraph Fifty-Five (55) of Plaintiffs' Amended Complaint for Damages.

56.

Defendant Gailey denies as plead the allegations contained in Paragraph Fifty-Six (56) of Plaintiffs' Amended Complaint for Damages.

57.

Defendant Gailey admits only that he had been informed Mr. Finch had been placed on suicide watch and denies any remaining allegation against Defendant Gailey. Defendant Gailey is without knowledge or information sufficient to form a belief as to the truth of the allegations as to any co-Defendants' knowledge contained in Paragraph Fifty-Seven (57) of Plaintiffs' Amended Complaint for Damages and, therefore denies same.

58.

Defendant Gailey denies the allegations contained in Paragraph Fifty-Eight (58) of Plaintiffs' Amended Complaint for Damages.

59.

Defendant Gailey denies the allegations contained in Paragraph Fifty-Nine (59) of Plaintiffs' Amended Complaint for Damages.

Causes of Action

60.

Defendant Gailey denies the allegations contained in Paragraph Sixty (60) of Plaintiffs' Amended Complaint for Damages.

61.

Defendant Gailey denies the allegations contained in Paragraph Sixty-One (61) of Plaintiffs' Amended Complaint for Damages.

62.

Defendant Gailey denies the allegations contained in Paragraph Sixty-Two (62) of Plaintiffs' Amended Complaint for Damages.

Damages

63.

Defendant Gailey denies the allegations contained in Paragraph Sixty-Three (63) of Plaintiffs' Amended Complaint for Damages.

64.

Defendant Gailey denies the allegations contained in Paragraph Sixty-Four (64) of Plaintiffs' Amended Complaint for Damages.

Any allegation of Plaintiffs' Amended Complaint for Damages not specifically responded to hereinabove is denied.

<u>Prayer for Relief</u>

To the extent the Plaintiffs' prayer for relief requires a response, Defendant Gailey denies all allegations contained therein and further denies Plaintiffs are entitled to any recovery whatsoever against Defendant Gailey.

{Signature on following page.}

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS</u>

I hereby certify that the foregoing have been prepared in a font and point selection approved by the Court in Local Rule 5.1C.

This 30th day of September, 2010.

Respectfully submitted,

**BUCKLEY BROWN, P.C.**

/s/ Timothy J. Buckley III

_____
TIMOTHY J. BUCKLEY III
Georgia Bar No. 092913
MICHAELA C. KENDALL
Georgia State Bar No. 252118
*Attorneys for Defendant Raymond Gailey*

2970 Clairmont Road, N.E.
Suite 1010
Atlanta, GA 30329
(404) 633-9230

**DEFENDANT DEMANDS TRIAL BY JURY**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINSEVILLE DIVISION

| | | |
|---|---|---|
| JAMES NELSON FINCH, JASON OTIS FINCH, JUSTIN FINCH, by and through his next friend, Kim Biondi, and THE ESTATE OF RICKY G. FINCH by and through the Temporary Administrator of his Estate, James Nelson Finch, | ) ) ) ) ) ) ) ) | CIVIL ACTION FILE 2: 10-CV-0062-WCO |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DONALD SHANE BROWN, in his individual capacity, and PHILLIP STANELY, in his individual capacity, and RAYMOND GAILEY, in his individual capacity, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed DEFENDANT RAYMOND GAILEY'S ANSWER AND DEFENSES with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications to all counsel of record.

Andrew H. Marshall, Esq.
Begnaud & Marshall, LLP
1091-B Founders Boulevard
P.O. Box 8085
Athens, Georgia 30603-8085

G. Kevin Morris, Esq.
Williams, Morris & Waymire, LLC
Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518

Brian Spears, Esq.
Law Office of G. Brian Spears, LLC
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Albert Wan, Esq.
1201 Peachtree Street
Colony Square, Suite 200
Atlanta, Georgia 30316

Gary Shapiro, Esq.
400 Galleria Parkway
Suite 1500-20
Atlanta, Georgia 30339

{Signature on following page.}

This 30th day of September, 2010.

Respectfully submitted,

**BUCKLEY BROWN, P.C.**

/s/ Michaela C. Kendall

_____
TIMOTHY J. BUCKLEY III
Georgia Bar No. 092913
MICHAELA C. KENDALL
Georgia State Bar No. 252118
*Attorneys for Defendant Raymond Gailey*

2970 Clairmont Road, N.E.
Suite 1010
Atlanta, GA 30329
(404) 633-9230