IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JUSTIN FINCH, et al.,     )
                           )
     Plaintiffs,     )
                           )
v.                    )CIVIL ACTION NO.:2:10-CV-0062-WCO
                           )
DONALD SHANE BROWN, et al.,     )
                           )
     Defendants.     )
                           )

## DEFENDANT BROWN'S MOTION TO EXCLUDE TESTIMONY FROM EXPERT WITNESS JUDITH F. COX

Now comes Defendant Brown (sometimes "Movant"), by and through counsel, and hereby moves the court for an order excluding any purported expert testimony of Judith Cox from trial or in any other proceedings in this matter. In support hereof, movant respectfully shows:

### 1.

On April 13, 2010, plaintiffs filed their complaint for damages. This case is brought under the authority of 42 U.S. §1983 relating to the death by suicide of Ricky Finch on November 12, 2008, while he was a pretrial detainee at the Jackson County Jail.

### 2.

On October 13, 2010, the court held a scheduling conference

in chambers at which time the court orally approved the Joint Preliminary Report And Discovery Plan, and extended discovery up to and including January 24, 2011. However, the court decreed that no further extensions of discovery would be granted.

**3.**

On or about December 14, 2010, lead counsel for plaintiffs, G. Bryan Spears, caused a expert witness report from Judith F. Cox to be delivered to defendants' counsel and filed a certificate of service relating to such matter. The report indicates that Ms. Cox is a resident of Clifton Park, New York.

**4.**

Plaintiffs' attorney, Brian Spears, has previously filed a request for leave of absence for dates including December 22, 2010 through January 3, 2011.

**5.**

Further factual information related to this motion is set forth in the declaration of Andrew H. Marshall which is attached hereto and which is hereby incorporated by reference.

**6.**

The expert witness disclosure of Judith F. Cox is not timely under Local Rule 26.2(C) as more fully appears in the

brief in support hereof which is filed contemporaneously

herewith and which is hereby incorporated by reference.

WHEREFORE, movant request that this motion be granted.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP

s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant
Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

STATE OF GEORGIA

OCONEE COUNTY

## DECLARATION OF ANDREW H. MARSHALL

Pursuant to 28 U.S.C. §1746, I hereby make the following declaration.

### 1.

I am over the age of majority, am fully competent to provide sworn testimony in judicial proceedings, and unless otherwise indicated, have personal knowledge of the facts and circumstances described in this declaration.

### 2.

I understand that this declaration will be submitted as part of a motion to exclude expert testimony of Judith F. Cox in Finch, et al. v Brown, et al., United States District Court for the Northern District Of Georgia, Gainesville Division, Civil Action File Number: 2:10-CV-0062-WCO ("the Finch case"). On or about May 6, 2010, the defense of Donald Shane Brown was referred to me.

### 3.

As part of my investigation into the facts and circumstances of this case, I obtained a copy of Jackson County Sheriff's Office ("JCSO") internal investigation file, case number 08-58977-65. Under my direction, an assistant of mine

1

prepared an index of the material received as part of that internal investigation file which is attached hereto and which is hereby incorporated by reference (Attachments, pp. 1-2). I also received additional documents from the JCSO which included Open Records Act requests submitted to Jackson County Sheriff Stan Evans from two of plaintiffs' attorneys in this matter, Gary Shapiro and Brian Spears. The Open Records Act request from Mr. Shapiro is dated May 4, 2009, and the Open Records Act request from Mr. Spears is dated October 6, 2009. Suit was not filed in this case until April 13, 2010.

**4.**

On information and belief, I believe that plaintiffs' attorneys also obtained the Georgia Bureau of Investigation report in this matter, case number 11-0085-01-09 before suit was filed in this case. I have also obtained a copy of that report, and I include an exhibit list to enable the court to see what information was contained in those materials (Attachments, pp. 3-4).

**5.**

On December 7, 2010, the deposition of Defendant Raymond Gailey was taken by plaintiffs. Mr. Spears and Albert Wan appeared for the plaintiffs at the deposition. Separate counsel appeared for Defendants Stanley and Gailey and thus, in addition to the undersigned, five attorneys were present for the

deposition. That number of attorneys is typical for the
depositions that have been taken in this case.

### 6.

Discussions were held on December 7, 2010, among the
attorneys about taking the depositions of four family members of
the decedent. Taking the family depositions had been a topic of
ongoing communication among the lawyers well in advance of
December 7, 2010, in fact, going back to the time of the
scheduling conference on October 13, 2010. For a variety of
reasons, it was agreed to schedule those depositions after the
first of the year but before the expiration of discovery date.
In that regard, the lead attorney for plaintiffs, Brian Spears,
pointed out that he had previously requested leave of court for
dates which included December 22, 2010, through January 3, 2011,
and would not be available for depositions during that time.

### 7.

The expert witness disclosure relating to Judith Cox was
transmitted to me on December 14, 2010.

### 8.

Laying aside the time involved in preparing for a
deposition of this expert witness and the logistics of travel
involving a person who resides in the state of New York, it was
impossible based solely on my schedule to arrange for that
deposition to be taken between December 15, 2010, the day after

3

the expert witness disclosure was made, and December 21, 2010, the day before Mr. Spears' leave of court began. I had depositions which had been scheduled for several weeks on December 15, 2010, which lasted virtually all day. I had two appearances to make in Athens-Clarke County Superior Court cases on December 16 and December 20, 2010. December 22, 2010, was a summary judgment deadline in a case I am handling in the United States District Court for the Middle District of Georgia, and I filed a motion for summary judgment on that date with supporting declarations and other evidentiary materials and a brief which consisted of a total of sixty-seven pages.

### 9.

I have multiple ongoing responsibilities in many other cases besides the <u>Finch</u> case including cases which are pending in the United States District Courts for the Middle District and the Southern District of Georgia, as well as in this court. I have a considerable case load of cases in the superior courts and state courts of the state of Georgia as well. I have a jury trial which is the first case on the trial calendar before the Honorable Steve Jones in Athens-Clarke County Superior Court for the week beginning January 10, 2011.

### 10.

I believe that the other attorneys for the defendants (not to mention the plaintiffs' attorneys) also have multiple

4

obligations which present scheduling challenges including depositions in the <u>Finch</u> case of four family members of the decedent which were the subject of discussion among the attorneys of record in this case before the expert witness disclosure of Judith F. Cox was provided. It would have been my preference to take the four family members depositions during the latter part of December but that was impossible because of the leave of court which Mr. Spears had for December 22, 2010, through January 3, 2011.

## 11.

On behalf of Defendant Brown, I do not believe it will be possible considering my schedule, and the schedules of the attorneys for the other parties, to complete the activities contemplated by Local Rule 26.2(C) on or before January 24, 2011.

## 12.

I declare under penalty of perjury that the within and foregoing statement is true and correct.

This 31st day of December, 2010.

ANDREW H. MARSHALL

# JCSO INTERNAL INVESTIGATION FILE
## 08-58977-65

### Index to Bates Stamped Documents

| | | |
|---|---|---|
| 1. | Executive Summary | 1 |
| 2. | Administrative Inquiry | 2-8 |
| 3. | Arcade Police Incident Report | 9 |
| 4. | Correspondence to G. Brian Spears (Open Records Request) | 10 |
| 5. | Fax to Maj Cochran from Tri-Star Investigations (Record Request) | 11 |
| 6. | Correspondence to Sheriff Evans from Spears (Record Request) | 12-13 |
| 6. | Authorization for Release of Medical Records | 14-15 |
| 7. | List of Items Recovered upon Arrest | 16 |
| 8. | Arcade Police Supplemental Narrative | 17-18 |
| 9. | Citation Issued | 19 |
| 10 | Arrest and Process Record | 20-25 |
| 11. | Prisoner Intake Family Notification Sheet | 26 |
| 12. | Rules and Regulations Agreement | 27 |
| 13. | Inmate Issued Property Form | 28 |
| 14. | Inmate Property Accountability Sheet | 29 |
| 15. | Inmate Handbook Receipt | 30 |
| 16. | Property Checklist | 31 |
| 17. | Intake Property Log | 32 |
| 18. | Receipt for Cash | 33 |
| 19. | Jail Division Checklist | 34 |
| 20. | Custody Classification Assessment | 35-38 |
| 21. | Arrest Affidavit | 39 |
| 22. | Victim Notification | 40 |
| 23. | JCSO Incident Report – Suicide | 41-43 |
| 24. | Nurse's Notes 11/13/08 | 44 |
| 25. | Medical Questionnaire | 45-46 |
| 26. | Jackson Cty EMS Response Sheet | 47 |
| 27. | Photos of Scene | 48-54 |
| 28. | JCSO Internal Investigation Advisement – Brown | 55 |
| 29. | Incident Report Narrative – Brown | 56 |
| 30. | Special/Disciplinary Watch Sheet | 57 |
| 31. | Interview with Donald Brown 11/17/08 1830 | 58-65 |
| 32. | Interview with Donald Brown 11/21/08 0938 | 66-68 |
| 33. | JCSO Internal Investigation Advisement – Gailey | 69 |
| 34. | Incident Report Narrative – Gailey | 70 |
| 35. | Interview with Raymond Gailey 11/17/08 1930 | 71-78 |
| 36. | JCSO Internal Investigation Advisement – Clark | 79 |
| 37. | Incident Report Narrative – Clark | 80 |
| 38. | Interview with Krista Clark 11/17/08 1733 | 81-87 |
| 39. | JCSO Internal Investigation Advisement – Stanley | 88 |
| 40. | Incident Report Narrative – Stanley | 89 |

| 41. | POST Profile for Radford Stanley | 90-91 |
| 42. | Interview with Radford Stanley 11/15/08 1758 | 92-105 |
| 43. | Interview with Radford Stanley 11/17/08 1857 | 106-116 |
| 44. | Interview with Radford Stanley 11/21/08 1105 | 117-123 |

# GEORGIA BUREAU OF INVESTIGATION
## REGION 11
## EXHIBIT LIST
## 11-0085-01-09

| EXHIBIT NUMBER | | DESCRIPTION |
|---|---|---|
| 1 | I | Summary in reference to request for assistance by Jackson County Sheriff's Office (JCSO) |
| 2 | I | Summary in reference to crime scene examination; attached: photo contact sheet; diagram; key/legend; GBI RFP E-516566 |
| 3 | I | Summary in reference to briefing of incident by JCSO Major DAVID COCHRAN |
| 4 | I | Summary in reference to JCSO Coroner KEITH WHITFIELD's assessment of victim's body |
| 5 | I | Summary in reference to interview with JCSO Detention Officer RADFORD PHILLIP STANLEY, witness |
| 6 | I | Summary in reference to interview with JCSO Detention Officer KRISTA CLARK, witness; attached:  written statement; radio operator report; suicide watch sheet |
| 7 | I | Summary in reference to interview with JCSO Detention Officer DONALD SHANE BROWN, witness |
| 8 | I | Summary in reference to interview with JCSO Captain DAVID SAVAGE, witness; attached: JCSO Jail Inmate Information; FINCH's Criminal History |
| 9 | I | Summary in reference to interview with JCSO Detention Officer RAYMOND TRAVIS GAILEY, witness |
| 10 | I | Summary in reference to interview with JCSO Detention Officer CHAD HERBERT, witness |
| 11 | I | Summary in reference to receipt of documents; attached: Arcade Police Department Incident Report 2008-11-10557 |
| 12 | I | Summary in reference to briefing with JCSO Lieutenant Jack Wimpy; attached: GBI RFP E-530506 |
| 13 | I | Summary in reference to review of evidence |
| 14 | I | Summary in reference to interview with JCSO Detention Officer DONALD SHANE BROWN, witness; attached: GBI RFP E-516841 |
| 15 | I | Summary in reference to interview with JCSO Detention Officer STANLEY RADFORD PHILLIP, witness; attached: GBI RFP E-516840 |
| 16 | I | Summary in reference to interview with JCSO Detention Officer KRISTA LYNN CLARK, witness; attached: GBI RFP E-516838 |

**PROPERTY OF REGION 11**

Further dissemination is prohibited without written approval of a REGION 11 Supervisor

00000003

# GEORGIA BUREAU OF INVESTIGATION
## REGION 11
## EXHIBIT LIST
### 11-0085-01-09

| EXHIBIT NUMBER | | DESCRIPTION |
|---|---|---|
| 17 | I | Summary in reference to administration of polygraph examination to JCSO Detention Officer STANLEY; attached: PSU Official Report/questions |

**PROPERTY OF REGION 11**

Further dissemination is prohibited without written approval of a
REGION 11 Supervisor

00000004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Defendant Brown's Motion To Exclude Testimony from Expert Witness Judith F. Cox** in an envelope with adequate postage addressed to:

George Brian Spears, Esq.
Law Office of Brian Spears
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Albert Wan, Esq.
Albert Wan, Attorney at Law
Suite 200
1201 Peachtree Street
400 Colony Square
Atlanta, Georgia 30361

Gary M. Shapiro, Esq.
Law Office of Gary M. Shapiro
Suite 1500-20
400 Galleria Parkway
Atlanta, Georgia 30339

G. Kevin Morris, Esq.
Williams, Morris & Waymire
4330 South Lee Street, NE
Building 400, Suite A
Buford, Georgia  30518

Michaela C. Kendal, Esq.
Buckley Brown
Attorneys at Law
2970 Clairmont Road, NE
Suite 1010
Atlanta, Georgia 30329

This 31st day of December, 2010.

s/Andrew H. Marshall
Andrew H. Marshall

4

## LOCAL RULE 7.1(D) CERTIFICATE

I further hereby certify that this document has been prepared using Courier New (12 point) font.

This 31st day of December, 2010.

s/Andrew H. Marshall
Andrew H. Marshall

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JUSTIN FINCH, et al.,           )
                                )
        Plaintiffs,             )
                                )
v.                              ) CIVIL ACTION NO.:2:10-CV-0062-WCO
                                )
DONALD SHANE BROWN, et al.,     )
                                )
        Defendants.             )
                                )

## DEFENDANT BROWN'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE EXPERT WITNESS JUDITH F. COX

I.

## INTRODUCTION

Following the in-custody death of Ricky Finch on November 11, 2008, at the Jackson County Jail, the Georgia Bureau of Investigation was requested to investigate the matter. Additionally, an internal investigation was undertaken by the Jackson County Sheriff's Office ("JCSO") and numerous documents, reports, and other material was generated in that regard. Two of the plaintiffs' attorney obtained most if not all of these materials in calendar year 2009 as a result of Open Record Act requests.

After Plaintiffs' complaint was filed in the court on April 13, 2010, and on October 13, 2010, the court held a scheduling conference. At that time, the preliminary report and discovery

- 1 -

plan submitted by the parties was approved. However, the court decreed that no further extensions beyond the deadline of January 24, 2011, would be granted.

On December 14, 2010, plaintiff transmitted a communication to the attorneys for the defendants which included a report and opinion of Judith F. Cox. The report reflects that the address for Ms. Cox is in Clifton Park, New York.

In the meantime, the parties had been engaged in previous communications with respect to the depositions of four family members of the decedent. Without agreeing to a specific date when those depositions would be taken, a consensus was reached that such would not be possible until after the first of the year. Among other reasons, plaintiffs' counsel had requested leave of court from December 22, 2010, through January 3, 2011, and was thus not available for depositions in that time frame.

The declaration of the undersigned attorney attached to the subject motion describes certain pre-existing conflicts which create significant impediments to scheduling depositions between now and the discovery deadline in this case beyond the family depositions which have been discussed as far back as the scheduling conference. Considering the timing of the expert witness disclosure and the leave of court for plaintiffs' lead counsel, the time within which activities in this case including

the deposition of the proffered expert would be required is approximately three weeks i.e. from January 4, 2011, to January 24, 2011.

The question for decision is whether the activities contemplated by the Local Rule as it relates to designation of experts within the discovery period may be reasonably accomplished.

**II.**

**ARGUMENT AND AUTHORITY**

**THE EXPERT WITNESS DISCLOSURE WAS NOT TIMELY AND THE PROFERRED**

**EXPERT TESTIMONY SHOULD THEREFORE BE EXCLUDED**

Local Rule 26.2(C) provides in pertinent part

"**Expert Witnesses.** Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Any party who does not comply with the provisions

of the foregoing paragraph shall not be permitted to
offer the testimony of the party's expert, unless
expressly authorized by court order based upon a
showing that the failure to comply was justified..."

Several decisions are available which have applied the
requirements of the Local Rule to exclude proffered expert
testimony. See Fedrick v. Mercedes-Benz, USA LLC, 366 F Supp $2^d$
1190, 1193-95 (N.D. Ga. 2005); Hammond v. Gordon County, 316 F.
Supp $2^d$ 1262, 1266 (N.D. Ga. 2002)(expert testimony disallowed
where disclosure made approximately three weeks prior to
discovery deadline); Gainor v. Douglas County, 59 F. Supp. $2^d$
1259, 1296-97 (N.D. Ga. 1998). In the Gainor case, Judge Carnes
excluded the testimony of the proffered expert, pointing out
that the rule required that the party

"identify his expert witness, and make him or her
available to be deposed sufficiently early in
the discovery period so that the opposing party has
enough time to decide if they need rebuttal
expert testimony, retain an expert, compose that
expert's expert opinion report, and allow the other
party the opportunity to depose that expert within
the discovery period (emphasis in original)."

- 4 -

Further, as Judge Cooper held in <u>Williams v. Energy Delivery Services</u>, 2005 U.S. DIST. LEXIS 45974 (September 6, 2005)(copy attached), a party such as movant is not required to demonstrate prejudice. Rather, the party who fails to comply with the rule is required to demonstrate that such failure was justified.

Under the circumstances, it is totally unrealistic to suppose that the expert witness deposition could have been taken between the time of disclosure and the beginning of counsel's leave of absence i.e. from December 14 through December 21, 2010. Thus, the period of time within which the activities contemplated by the Local Rule can be undertaken is from January 4 to January 24, 2011.

As described in the declaration of counsel attached to this motion, there are four family depositions which need to be taken which were "on the table" for approximately two months at the time of the expert witness disclosure. Factoring that into the equation with the undersigned being scheduled for a jury trial in superior court to begin January 10, 2011, it is not realistic to think that the deposition could be scheduled until the following week i.e. the week of January 17. Of course, the other attorneys in the case also have multiple responsibilities in cases in which they face similar challenges e.g. motions

deadlines, court appearances, previously scheduled depositions in which litigants consider their cases to be as important as the plaintiffs may in the Finch case, and other matters.

Even if the attorneys in this case had nothing whatsoever to do except work on the case at hand, it would be very difficult to accomplish the activities that are within the scope of the Local Rule before January 24, 2011. However, movant suggests that judges in this court should and do take into account the schedules of busy attorneys in applying the rule. Respectfully, movant suggests that there is no possible way that defendants could be expected to do all that is necessary in the proper defense of their clients in addressing the newly injected expert testimony situation before the discovery deadline of January 24, 2011.

Movant does not know what basis might be suggested to justify the timing of the expert witness disclosure in this case. Certainly, through the declaration of counsel, a threshold showing has been made that plaintiffs' counsel was in possession of considerable investigative material resulting from the GBI and JCSO investigations in the form of numerous written or transcribed statements from all of the named defendants as well as others before suit was filed. There is no apparent reason why this factual material would not have been totally sufficient to

- 6 -

enable a prospective expert witness to formulate an opinion so that the disclosure could have been made in a fashion which satisfied the requirements of the Local Rule. In any event, applicable authority suggests that it is the plaintiffs who have the risk of non-persuasion in demonstrating that the untimely disclosure was justified. Movant believes that this burden has not been and cannot be satisfied, and therefore the testimony of the proffered expert should not be considered in any way in this case.

WHEREFORE, for the reasons set out in the motion and brief and for other good and sufficient cause, movant request that the court exclude expert witness Judith F. Cox from testifying in any way in this case.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP

s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant
Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 45974    Page 1 of 5

Case 2:10-cv-00062-WCO   Document 72   Filed 12/31/10   Page 22 of 27

Switch Client | Preferences | Help | Sign Out

| **My Lexis**™ | **Search** | **Get a Document** | **Shepard's**® | **More** | **History** |
|---|---|---|---|---|---|
| | | | | | **Alerts** |

FOCUS™ Terms      Search Within   Original Results (1 - 1)      View
Advanced...      Tutorial

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 45974**

*2005 U.S. Dist. LEXIS 45974, \**

JAMEY EUGENE WILLIAMS and VALERIE WILLIAMS, Plaintiffs, vs. ENERGY DELIVERY SERVICES, INC., SHAW ENERGY DELIVERY SERVICES, INC., and THE SHAW GROUP, INC., Successor corporation by acquisition to ENERGY DELIVERY SERVICES, INC., Defendants.

CIVIL ACTION NO. 1:04-CV-3101-CC

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

2005 U.S. Dist. LEXIS 45974

September 6, 2005, Decided

**CORE TERMS:** expert witnesses, discovery, identification, failure to comply, untimely, expert report, deposition, expert testimony, above-styled, depose, reply, scheduled, inter alia, opposing party, expressly authorized, billing records, prejudiced, excluding, re-filed, intend, moot, collectively referred, disclosure

**COUNSEL: [\*1]** For Jamey Eugene Williams, Valerie Williams, Plaintiffs: Michael A. Wagner, LEAD ATTORNEY, Wagner Nelson & Weeks, Chattanooga, TN; William Phillips Tinkler, Jr., LEAD ATTORNEY, Office of William Tinkler, Jr., Decatur, GA.

For Energy Delivery Services, Inc., Shaw Energy Delivery Services, Inc., The Shaw Group, Inc., Successor corporations by acquisitions to Energy Delivery Services, Inc., Defendants: Courtney Carter Fletcher, Scott Austin Elder, LEAD ATTORNEYS, Alston & Bird, LLP - GA, Atlanta, GA.

**JUDGES:** CLARENCE COOPER ▾, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CLARENCE COOPER ▾

**OPINION**

**ORDER**

This matter is before the Court on Defendants' Motion to Exclude Plaintiffs' Late-Identified Expert Witnesses [Doc. No. 30].

**I. BACKGROUND**

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 45974    Page 2 of 5

Case 2:10-cv-00062-WCO   Document 72   Filed 12/31/10   Page 23 of 27

Plaintiffs Jamey Eugene Williams and Valerie Williams (collectively referred to herein as "Plaintiffs") bring negligence and loss of consortium claims against Energy Delivery Services ("EDS"), Shaw Energy Delivery Services, Inc., and The Shaw Group, Inc. ▾ (collectively referred to herein as "Defendants"). Plaintiffs allege that EDS negligently installed an anchor that was securing a power line, which fell and struck a motor vehicle that Plaintiff Jamey Eugene Williams was operating on May 17, **[*2]** 2001.

Plaintiffs originally filed claims before this Court based on these same facts on April 29, 2003. See Williams, et al. v. Duke Energy Corp., et al., Civil Action No. 1:03-CV-1149-CC. ¹ On May 11, 2004, Plaintiffs moved the Court to dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). That motion was granted by the Court, and the instant action was re-filed in the State Court of Fulton County, Georgia, on September 23, 2004. Defendants timely removed the action to this Court on October 22, 2004.

#### FOOTNOTES

1 Duke Energy Corporation, ▾Duke Engineering & Services, and Framatome ANP were dismissed from the action and EDS substituted as the Defendant.

In the action filed on April 29, 2003 (the "First Action"), the parties proceeded through the discovery phase, which was scheduled to end on April 10, 2004. On April 9, 2004, following EDS' identification of a liability expert on March 1, 2004, Plaintiffs moved the Court to extend the discovery period until July 9, 2004, to allow for, inter alia, expert discovery. EDS opposed Plaintiffs' motion, pointing out that Plaintiffs had been dilatory in conducting discovery and had not identified any expert witnesses at the time that EDS **[*3]** identified its expert, which Plaintiffs claimed was untimely, despite EDS' repeated requests for an expert disclosure schedule from Plaintiffs. ² Before the Court could rule on Plaintiffs' motion to extend the discovery period, Plaintiffs moved the Court to dismiss the case.

#### FOOTNOTES

2 Plaintiffs produced an expert report for Dr. Lloyd Walwyn, a medical expert, on March 10, 2004, and an expert report for Dr. Benson Hecker, a damages expert, on March 24, 2003. Plaintiffs never identified a liability expert.

In the above-styled action (the "Second Action"), discovery began on November 25, 2004, and was scheduled to end on March 24, 2005. On December 29, 2004, Plaintiffs identified Mr. Lee Mason as their liability expert. On March 18, 2005, the parties filed a Consent Motion for Extension of the Discovery Period, and the Court granted the parties' request for a sixty-day extension of the discovery period. On May 11, 2005, the parties filed a second Consent Motion for Extension of the Discovery Period for the purpose of completing the depositions of experts and other witnesses, and the Court again granted the parties' request for another sixty-day extension of the discovery period. The Court indicated **[*4]** that no further extensions of the discovery period would be granted. On the last day of the twice-extended discovery period, Plaintiffs identified two new expert witnesses, Mr. Ira Whitlock and Mr. Bruce Seaman.

## II. DISCUSSION

Defendants presently move the Court to exclude Ira Whitlock and Bruce Seaman as expert witnesses. Defendants argue that Plaintiffs' identification of Messrs. Whitlock and Seaman did not comport with Local Rule 26.2, which governs the identification of expert witnesses. The Court agrees.

Local Rule 26.2(C) provides the following regarding the identification of expert witnesses:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court **[*5]** order based upon a showing that the failure to comply was justified.

LR 26.2(C), NDGa.

In this case, Plaintiffs do not refute that they did not identify Mr. Whitlock and Mr. Seaman in compliance with Local Rule 26.2(C). Rather, Plaintiffs argue that their untimely identification of Mr. Whitlock is justified. With respect to Mr. Seaman, Plaintiffs state that they no longer intend to use him as an expert witness. Therefore, Defendant's Motion to Exclude is moot as to Mr. Seaman, and the Court considers only whether Plaintiffs were justified in their failure to comply with the time requirements imposed by Local Rule 26.2(C) with respect to the identification of Mr. Whitlock.

As justification for their late identification of Mr. Whitlock, Plaintiffs assert that they recently learned of the existence of standards propounded by The Institute of Electrical and Electronics Engineers ("IEEE"), which Plaintiffs contend apply in the instant case and about which Plaintiffs intend to offer Mr. Whitlock as an expert. Plaintiffs state that immediately upon becoming aware of these standards and Standard 524, [3] specifically, Plaintiffs located and interviewed Mr. Whitlock and provided his expert report **[*6]** to the Court and to Defendants on July 25, 2005. Plaintiffs argue that had Defendants disclosed the existence of Standard 524 in response to their mandatory disclosures, Plaintiffs would have been able to identify Mr. Whitlock as an expert earlier in the case. Plaintiffs further argue that, given that Defendants have already noticed depositions outside of the discovery period and this case is not scheduled for a pretrial hearing or trial, Defendants would not be prejudiced by the addition of Mr. Whitlock as an expert witness.

## FOOTNOTES

[3] As stated by Plaintiffs, "Section 524 ... deals with installation of crossing structures when installing overhead transmission lines." (Pls.' Br. in Opp'n to Defs.' Mot. to Exclude Expert Witnesses at 2.)

Plaintiffs' purported justification for their untimely identification of Mr. Whitlock is, as Defendants argue, blatantly disingenuous. Contrary to Plaintiffs' representation that they only recently discovered the existence of IEEE 524, Defendants have attached to their reply brief detailed billing records that show Plaintiffs' counsel discussed this very standard with Plaintiffs' other expert witness, Dr. Lee Mason, in May of 2004, when the First Action was pending. **[*7]** [4] (See Reply Br. in Support of Defs.' Mot. to Exclude Pls.' Late-Identified Expert Witnesses, Ex. 1.) Moreover, as Defendants point out, Mr. Mason relies on this exact same standard in his expert report, which was produced by Plaintiffs on May 26, 2005. (See Reply Br. in Support of Defs.' Mot. to Exclude Pls.' Late-Identified Expert Witnesses, Ex. 2.) Thus, Plaintiffs, who are represented in the above-styled action by the same counsel who represented them in the First Action, were aware of IEEE 524 long before the above-styled action was re-filed and have been relying on this standard in this Second Action for at least two months prior

to July of 2005. Defendants are in no way the blame for Plaintiffs' untimely identification of Mr. Whitlock as an expert witness, and Plaintiffs' false justification for their failure to comply with Local Rule 26.2(C) is but a feeble attempt to cover up the pattern of delay that they have exhibited since the filing of the First Action.

## FOOTNOTES

4 These billing records were produced at the deposition of Mr. Mason, which was taken on July 7, 2005.

Inasmuch as Plaintiffs' failure to comply with Local Rule 26.2(C) was not justified, Mr. Whitlock is due to be excluded **[*8]** as an expert. See Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1193-95 (N.D. Ga. 2005) (excluding testimony of plaintiff's expert witness because, inter alia, plaintiff's failure to identify expert witness in compliance with Local Rule 26.2(C) was not justified); See Hammond v. Gordon County, 316 F. Supp. 2d 1262, 1266 (N.D. Ga. 2002) (disallowing plaintiffs' use of expert testimony where plaintiffs did not formally disclose their intent to use expert until approximately three weeks before the expiration of the discovery period, "leaving Defendants without sufficient time to depose [the expert] and to retain their own expert"); Gainor v. Douglas County, 59 F. Supp. 2d 1259, 1296-97 (N.D. Ga. 1998) (excluding testimony of plaintiff's expert because plaintiff did not comply with the local rule that required party seeking to use expert testimony to "identify his expert witness, and make him or her available to be deposed sufficiently early in the discovery period so that the opposing party has enough time to decide if they need rebuttal expert testimony, retain an expert, compose that expert's expert opinion report, and allow the other party the opportunity to depose that **[*9]** expert *within the discovery period*") (emphasis in original); cf. APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1338-39 (N.D. Ga. 2004) (denying party permission to name expert witness where party's failure to comply with Local Rule 26.2(C) was not justified).

Plaintiffs' argument that Defendants are not prejudiced by the untimely identification of Mr. Whitlock is of no moment because Local Rule 26.2(C) does not require that Defendants demonstrate prejudice in order to have Mr. Whitlock excluded as an expert witness. Rather, the rule provides that any party who fails to comply with the rule "shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified." LR 26.2(C), NDGa; see also Fedrick, 366 F. Supp. 2d at 1194 (stating that plaintiff's "material prejudice" argument was without merit based on plain language of Local Rule 26.2(C)). No such order will issue in this case, as Plaintiffs' failure to comply with Local Rule 26.2(C) was not justified.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Exclude Plaintiffs' **[*10]** Late-Identified Expert Witnesses. The Court grants the motion with respect to Mr. Ira Whitlock and denies the motion as moot with respect to Mr. Bruce Seaman.

SO ORDERED this 6th day of September, 2005.

*s/ CLARENCE COOPER*

CLARENCE COOPER

UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 45974**
View: Full
Date/Time: Friday, December 31, 2010 - 9:11 AM EST

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Defendant Brown's Brief In Support Of Motion To Exclude Expert Witness Judith F. Cox** in an envelope with adequate postage addressed to:

George Brian Spears, Esq.
Law Office of Brian Spears
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Albert Wan, Esq.
Albert Wan, Attorney at Law
Suite 200
1201 Peachtree Street
400 Colony Square
Atlanta, Georgia 30361

Gary M. Shapiro, Esq.
Law Office of Gary M. Shapiro
Suite 1500-20
400 Galleria Parkway
Atlanta, Georgia 30339

G. Kevin Morris, Esq.
Williams, Morris & Waymire
4330 South Lee Street, NE
Building 400, Suite A
Buford, Georgia 30518

Michaela C. Kendal, Esq.
Buckley Brown
Attorneys at Law
2970 Clairmont Road, NE
Suite 1010
Atlanta, Georgia 30329

This 31st day of December, 2010.

s/Andrew H. Marshall
Andrew H. Marshall

8

## LOCAL RULE 7.1(D) CERTIFICATE

I further hereby certify that this document has been prepared using Courier New (12 point) font.

This 31st day of December, 2010.

s/Andrew H. Marshall
Andrew H. Marshall