IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JAMES FINCH and JUSTIN FINCH, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 2:10-CV-0062-WCO |
| vs. | ) ) | |
| DONALD SHANE BROWN, et al., | ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR LIMITED EXTENSION OF TIME FOR EXPERT WITNESS DISCOVERY

Plaintiffs James Finch and Jason Finch move this Court for an order by which the period of time permitted for discovery – as it relates to expert witnesses – be extended. Plaintiffs show in support of this Motion the following factual and procedural background:

This action arises from the death of Ricky Finch in November of 2008 while in the custody of the Jackson County Sheriff's Department. He died by suicide after having told the intake officer that he was considering harming himself, and after being designated a suicide risk by the supervising officer, Defendant Deputy Stanley. Despite making that designation, Deputy Stanley directed that Finch NOT

be dressed out in a protective "suicide smock." Although Defendant Deputy Brown was directed to physically look in upon Finch in his isolation cell every fifteen minutes, he did not do so. Defendant Deputy Gailey was able to easily view Ricky Finch via a closed circuit camera stationed in Finch's isolation cell and was told by Deputy Stanley to watch Finch. Nevertheless, Gailey failed to watch the video as Finch slowly tested out a ligature that he fabricated out of his socks and did not notice Finch hanging from the noose for the over 30 minutes that Finch was hanging, not moving, and dead.

This action was commenced on April 13, 2010. D.E. 1. Over a month of the original discovery period was lost when the Court entered a stay of discovery on June 15, 2010, which lasted until July 26, 2010. On July 20, 2010, Plaintiffs moved to add Deputy Raymond Gailey as a party defendant. The Court granted the Motion to add Gailey as a Defendant and, following the filing and service of Plaintiffs' Amended Complaint, Defendant Gailey answered the Complaint on September 20, 2010.

In less than a month, the Court convened a status conference on October 13, 2010, and granted the parties up to and including January 24, 2011, within which to complete discovery. No depositions had been taken as of that date and no party had yet determined that there was need to present testimony through an expert

witness.  Even prior to that date, the parties were engaged in discussions to calendar the depositions of the respective parties, including Defendant Deputy Gailey.   See, Declaration of Brian Spears attached to Plaintiffs' Response and Opposition to Defendant Brown's Motion to Exclude Testimony of Expert Cox.   Although Plaintiffs sought to set dates for and conduct the deposition of Defendant Gailey in November, 2010, they were unable to do so.  Although Gailey had two attorneys serving as his attorney, Plaintiffs were informed that it was necessary that  Mr. Tim Buckley be present when Gailey was deposed and that Mr. Buckley was unavailable throughout November.   Plaintiffs accommodated defense counsel and Mr. Gailey's deposition was ultimately taken on December 7, 2010.  Mr. Buckley did not attend the deposition.

On December 7, 2010, following the deposition of Mr. Gailey, Plaintiffs' counsel notified defense counsel  by faxed letter that Plaintiffs anticipated the use of an expert witness and would move promptly to provide the requisite Rule 26 Report.   Neither of the Defendants interposed any objection to or concern about the prospective identification of an expert witness in response to Plaintiffs' notice.  On December 14, 2010, Plaintiffs supplied a Rule 26 Report from suicide expert Judith Cox.   A copy of her report is attached to the Memorandum of Law in Support of Plaintiff's Opposition to Defendant Brown's Motion to Exclude.    When supplying

the Rule 26 Report on December 14th, Plaintiffs supplied Defendants with dates on which Judith Cox could be available for her deposition in the first week of January. On December 15, 2010, Plaintiffs' counsel communicated with defense counsel and asked whether there was any need to determine further dates of availability for Ms. Cox's deposition. No attorney for Defendants sought to arrange for her deposition.

The first indication that any of the Defendants were concerned that there was insufficient time within which to conduct a discovery deposition of Ms. Cox was on December 23, 2010. Counsel for Defendant Deputy Brown wrote Plaintiffs' counsel opining that Cox's designation was not timely. Plaintiffs' counsel responded immediately by suggesting that the parties seek additional discovery time to accommodate the concerns of defense counsel. When Plaintiffs' counsel did not receive any response from Defense counsel to his suggestion, and received no contact from Defense counsel seeking to depose Ms. Cox, Plaintiffs' counsel communicated with all defense counsel on December 30, 2010 and suggested specific terms for a joint motion to extend expert related discovery.

In response to Plaintiffs' proposal, Defendant Brown moved to exclude the testimony of Ms. Judith Cox in its entirety. D.E. 72. Defendant Gailey joined in the motion. D.E. 73. Plaintiffs have filed their opposition to exclusion of the testimony of their expert concurrent with the filing of this Motion. Even if the court

were to conclude that issuance of Cox's report in mid-December lacked timeliness, exclusion of her testimony is too severe a sanction in light of the prejudice it would do to Plaintiffs, and in light of the procedural posture of the case and alternatives that are available to consider and resolve Defendants' concerns.

Plaintiffs' designation of Expert Cox was timely. Nevertheless, allowance of limited extension of time for expert discovery will ensure that there is no prejudice done to any party. Plaintiffs supplied all of the parties to this litigation with the Cox Rule 26 report over 40 days before the close of discovery. Plaintiffs accompanied that Report with proposed dates for her deposition. Plaintiffs have supplied the expert report in a manner consistent with the openness and fairness intended by the Federal Rules of Civil Procedure and by the Local Rules of the Northern District. Plaintiffs seek only to proceed with the follow up to its timely submission of the expert report of Ms. Cox and to do so in such a manner which doubly ensures that all parties have the full and fair opportunity to secure her pre-trial deposition and –for the Defendants – to have the opportunity to identify their own expert witness.

Plaintiffs pray that this Court enter an Order as follows:

1. That the period of time allowed for discovery in this litigation be extended up to and including February 28, 2011;

2. That in that extended period of time, the discovery so allowed be limited to the discovery deposition of Judith Cox, the issuance of a responsive Rule 26 Report from any of the Defendants, and the discovery deposition of whoever is designated by Defendants as an expert witness; and,

3. That the deadline for the filing of dispositive motions be set to March 28, 2011.

Respectfully submitted,

                                           S/ G. BRIAN SPEARS
                                           Bar No. 670112
                                           Attorney for Plaintiffs

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele: (404) 872-7086
Fax: (404) 892-1128
Email: Bspears@mindspring.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Andrew H. Marshall, Esq.<br>Begnaud & Marshall, LLP<br>1091-B Founders Boulevard<br>Post Office Box 8085<br>Athens, Georgia 30603-8085 | G. Kevin Morris<br>Williams, Morris & Waymire, LLC<br>Building 400, Suite A<br>4330 South Lee Street, NE<br>Buford, Georgia 30518 |
| Timothy J. Buckley<br>Michaela Kendall<br>Buckley & Brown, PC<br>2970 Clairmont Road, Suite 1010<br>Atlanta, GA 30329 | Albert Wan, Esq.<br>1201 Peachtree St., Ste. 200<br>Atlanta, GA 30361 |
| Gary M. Shapiro, Esq.<br>400 Galleria Parkway, Suite 1500-20<br>Atlanta, GA 30339 | |

                                            S/BRIAN SPEARS, ECF-Registered Attorney
                                            Georgia Bar No. 670112
                                            Attorney for Plaintiffs

1126 Ponce de Leon Avenue
Atlanta, GA 30306
Telephone: (404) 872-7086
Email: Bspears@mindspring.com