IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JUSTIN FINCH, et al.,          )
                               )
      Plaintiffs,              )
                               )
v.                             )CIVIL ACTION NO.:2:10-CV-0062-WCO
                               )
DONALD SHANE BROWN, et al.,    )
                               )
      Defendants.              )
_____)

## DEFENDANT BROWN'S REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY FROM EXPERT WITNESS JUDITH COX

### ARGUMENT AND AUTHORITY

In order to focus the court's attention on what movant believes to be the operative facts and the applicable legal standard to be employed, movant initially states he does not disagree with the proposition that the court has the discretion to take whatever actions it deems to be appropriate with regard to plaintiffs' stated intention to use expert witness Judith Cox. On the other hand, movant is proceeding on the premise that when the court decreed that no further extensions of discovery would be permitted, it meant what it said, and that should play a significant role in the court's consideration of the matter at hand.

To be sure, the court could extend discovery notwithstanding what it decreed earlier if it determined that

the circumstances warranted such action. And in fact, as a fallback position to the opposition to their application to exclude the expert, plaintiffs have done just that i.e. they have moved the court for an order extending the time for discovery but only with respect to expert witnesses. With the currently operative decree that the current discovery deadline perceived to be "entrenched in stone", movant will turn his attention to the question of whether plaintiffs have complied with the local rule.

Counsel for movant has already described the commitments in other cases that required his attention between receiving the expert witness disclosure and the beginning of the leave of absence of lead counsel for the plaintiffs. The court's attention may therefore be turned to the subject of communications among counsel on the subject.

On December 15, 2010, plaintiffs' attorney e-mailed defense counsel and indicated that the expert witness could be available on January 4 and January 5.[1] Respectfully, it is patently unreasonable for plaintiffs' counsel to have believed that expert deposition scheduling of this kind involving four

---

[1] Copies of written communications among the attorneys regarding Ms. Cox are attached to plaintiffs' brief in opposition to the motion to exclude at pages 15, 19, and 21-22 of the declaration of Brian Spears, Esq. This particular e-mail is found at p. 15 (Document 75-2, p. 15).

different sets of attorneys could be scheduled within this period of time. Certainly, it has involved more time than that for scheduling of party and witness depositions where logistics for travel out of state were not a factor, nor were the existence of a holiday season and leaves of court.[2]

Movant's counsel turned attention to this matter within little more than a week after receiving the December 15 e-mail from plaintiffs' attorney where two dates in early January had been mentioned. In the December 23 e-mail, the timeliness of the designation of the expert was raised and a question was directed to plaintiffs' counsel with regard to whether the deposition of the expert would have to take place in New York.[3] Plaintiffs' counsel stated that he would inquire of the witness concerning her availability to travel[4] but he has never communicated a response to the fundamental question of whether a deposition of the witness would take place in New York versus a deposition in some other location.

Plaintiffs' attorney proposed that the parties enter into a consent motion to extend the discovery deadline as it relates to

---

[2] Plaintiffs' attorney acknowledges these routine scheduling complications in its memorandum of law in opposition to movant's motion to exclude, p. 2.
[3] Document 75-21, p. 19.
[4] Id.

expert witnesses through and including February 24.[5] Movant's counsel replied shortly thereafter by informing plaintiffs' counsel that a motion to exclude would be filed the next day and stating that in light of the judge's decision about no further discovery extensions, he would not join in an effort to ask the court to do something it had already indicated it was not going to do.[6]

Apparently believing that the best defense is a good offense, plaintiffs now contend that defense counsel has not been conscientious in deposing members of the decedent's family. In fact, those family depositions have been taken to the satisfaction of movant's counsel but more importantly, this has absolutely nothing to do with whether <u>plaintiffs</u> have complied with their obligations with regard to expert witnesses which is the issue at hand. Expert witness discovery involves a special and discrete kind of discovery, and that is why the subject is dealt with discretely under both the Federal Rules of Civil Procedure Rule and Local Rule 26.2(C).

In addition to their attack on the diligence of defendant's counsel, plaintiffs also raise a second red herring in stating that Ms. Cox could render her expert opinion only after the last

---

[5] <u>Id</u>. p.2.
[6] <u>Id</u>.

of the defendants' depositions took place on December 7, 2010. Preliminarily, it is noteworthy that in the DOCUMENTS REVIEWED section of Ms. Cox's expert witness report[7], no reference is made to the deposition of Defendant Gailey which was taken on December 7, 2010, nor is there any reference to his deposition transcript in the body of the report.

Moreover, plaintiffs have failed to address in a meaningful way the point that was made in movant's initial application[8] and that is why there were not more than adequate materials on which the expert could formulate an opinion and produce an expert witness disclosure in a manner consistent with the letter and spirit of the local rule months or certainly weeks earlier. The DOCUMENTS REVIEWED section reveals multiple sources of information that were available to plaintiff even before suit was filed. And of course, if deposition testimony altered the opinions of the expert, the federal rules authorize and require supplementation of expert witness disclosure. Rule 26(a)(2)(D), Federal Rules of Civil Procedure.

Plaintiffs have manifestly failed to demonstrate the basic premise of his opposition to the motion to exclude and that is that the expert could not have rendered her opinion until after

---

[7] Document 75-2, p. 5.
[8] Brief in support of motion to exclude, pp. 6-7.

the deposition of Defendant Gailey was taken on December 7, 2010. That has no bearing whatsoever on the position of movant, Defendant Brown, but even if the court views the separately represented defendants as one entity for the purpose of this motion, there is not even an attempt to demonstrate that the expert did not have sufficient factual information on which to base her opinions until after December 7.

Procedural rules exist to promote the inexpensive, just, speedy, and orderly resolution of disputes. In federal court, judges are mandated to exercise "hands on" oversight of litigation. Consistent with that purpose, the court ordered that discovery would end on January 24, 2011, in this case with no further extensions. No one is doubting the authority of the court to excuse the failure of a timely expert disclosure by means of a further extension of discovery. The question for decision is whether the court should do so.

It is submitted that plaintiffs have failed to demonstrate that the untimely disclosure was justified. Simply stated, there is no reasonable basis under the circumstances for completion of the activities which are contemplated by Local Rule 26.2(c) within the framework of a discovery deadline of January 24, 2011. Therefore, movant's motion should be granted.

WHEREFORE, movant requests that the court exclude expert witness Judith F. Cox from testifying in any way in this case.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP

s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant
Donald Shane Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Defendant Brown's Reply Brief In Support Of Motion To Exclude Testimony From Expert Witness Judith Cox** in an envelope with adequate postage addressed to:

> Albert Wan, Esq.
> Albert Wan, Attorney at Law
> Suite 200
> 1201 Peachtree Street
> 400 Colony Square
> Atlanta, Georgia 30361
>
> George Brian Spears, Esq.
> Law Office of Brian Spears
> 1126 Ponce de Leon Avenue
> Atlanta, Georgia 30306
>
> Gary M. Shapiro, Esq.
> Law Office of Gary M. Shapiro
> Suite 1500-20
> 400 Galleria Parkway
> Atlanta, Georgia 30339
>
> G. Kevin Morris, Esq.
> Williams, Morris & Waymire
> 4330 South Lee Street, NE
> Building 400, Suite A
> Buford, Georgia  30518
>
> Timothy J. Buckley, III, Esq.
> Michaela C. Kendall, Esq.
> Buckley Brown
> Attorneys at Law
> 2970 Clairmont Road, NE
> Suite 1010
> Atlanta, Georgia 30329

This 24th day of January, 2011.

> s/Andrew H. Marshall
> Andrew H. Marshall

## LOCAL RULE 7.1(D) CERTIFICATE

I further hereby certify that this document has been prepared using Courier New (12 point) font.

This 24th day of January, 2011.

s/Andrew H. Marshall
Andrew H. Marshall