IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JUSTIN FINCH, et al.,       )
                           )
      Plaintiffs,      )
                           )
v.                   )CIVIL ACTION NO.:2:10-CV-0062-WCO
                           )
DONALD SHANE BROWN, et al.,  )
                           )
      Defendants.      )
                           )

**DEFENDANT BROWN'S RESPONSE TO STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFFS CLAIM THERE IS NO GENUINE ISSUE TO BE TRIED**

NOW comes Defendant Brown (sometimes "Respondent"), by and through counsel, and hereby responds to Plaintiffs' Statement Of Alleged Undisputed Material Facts as follows:

**1.**

Paragraph 1 is not supported by the Movants' citation to the record.

**2.**

Paragraph 2 is admitted.

**3.**

Respondent objects to paragraph 3. The statement is hearsay and inadmissible as described in the references in paragraph 3 to the deposition testimony of Stanley and Clark.

**4.**

Paragraph 4 is admitted.

**5.**

Paragraph 5 is admitted.

**6.**

The citations of movant only support the proposition that those deponents were on duty during the shift in question but Respondent does not deny that Stanley and Gailey also worked on that shift.

**7.**

Paragraph 7 is admitted.

**8.**

Paragraph 8 is admitted.

**9.**

Paragraph 9 is admitted.

**10.**

The Movants' citation does not support the fact stated.

**11.**

Respondent disputes paragraph 11 in its reference to Finch answering verbally that he wanted to hurt himself. Clark testified that she did not remember if Finch gave a verbal response or nodded his head. Clark deposition, p. 53.

**12.**

Paragraph 12 is admitted.

**13.**

Paragraph 13 is admitted.

**14.**

Respondent objects to paragraph 14 inasmuch as the Movants' citation reflects inadmissible hearsay.

**15.**

Respondent disputes paragraph 15 since Clark testified that she did not remember whether she could smell alcohol on the person of Mr. Finch at the time. Clark deposition, pp. 36-37. Paragraph 15 is not material in any event.

**16.**

Paragraph 16 is admitted but not material.

**17.**

Paragraph 17 is admitted but not material.

**18.**

Paragraph 18 is admitted but not material.

**19.**

Paragraph 19 is admitted but not material.

**20.**

Paragraph 20 is admitted but not material.

**21.**

Paragraph 21 is admitted but not material.

**22.**

Paragraph 22 is admitted but not material.

**23.**

Paragraph 23 is admitted but not material.

**24.**

Paragraph 24 is admitted.

**25.**

Paragraph 25 is admitted.

**26.**

Paragraph 26 is admitted that Defendant Brown first encountered Mr. Finch in the booking area. The remainder of paragraph 26 is not supported by Movants' citation to the record.

**27.**

Paragraph 27 is admitted but not material.

**28.**

Paragraph 28 is disputed. Movants' citation is objected to because it is hearsay insofar as respondent is concerned.

**29.**

Paragraph 29 is admitted except that Officer Herbert is not mentioned in Movants' citation.

**30.**

Paragraph 30 is admitted.

**31.**

Paragraph 31 is admitted.

**32.**

Paragraph 32 is admitted.

**33.**

Paragraph 33 is admitted.

**34.**

Paragraph 34 is admitted.

**35.**

Paragraph 35 is admitted.

**36.**

Paragraph 36 is admitted.

**37.**

Paragraph 37 is admitted.

**38.**

Paragraph 38 is admitted.

**39.**

Paragraph 39 is admitted.

**40.**

Plaintiffs' reference to Standard Operating Procedures at least implies that such are a part of the written SOPs that are referred to in the affidavit of Captain Savage. In fact, the SOPs do not reflect the matter set forth in subparagraphs A

through E and consequently, this paragraph is not supported by Respondent's citation to the record.

### 41.

Paragraph 42 is admitted.

### 42.

Paragraph 42 is admitted.

### 43.

Paragraph 43 is admitted except that the paragraph of the Savage affidavit referred to in paragraph 43 does not use the word "obey".

### 44.

Paragraph 44 is admitted.

### 45.

Paragraph 45 is admitted.

### 46.

Paragraph 46 is admitted except that one of the references to a question was true "not correct".

### 47.

Respondent admits that Stanley informed him Finch was a suicide risk but Stanley took actions that were inconsistent with a determination that he was a suicide risk. Brown deposition, pp. 41-43.

**48.**

Paragraph 48 is admitted.

**49.**

Paragraph 49 is disputed.

**50.**

Respondent objects to paragraph 50 because it is not a separate and concise material fact but includes multiple matters several of which are addressed in other numbered statements. The statement that Stanley gave Brown a direct order to carry out fifteen minute watches is denied and disputed. Stanley deposition, pg. 53 where Stanley states that other than informing Brown that Finch was on suicide watch, "I don't remember telling him anything else". Brown deposition, p. 38, 42, where Brown says Stanley said that "We will keep an eye on him" and there was no other specific instruction received from Stanley pertaining to Finch before Finch died. See declaration of Defendant Brown, pp. 3-4, in which he specifically denies that Stanley gave him a direct order to carry out fifteen minute watches on Finch. This declaration is attached to Defendant Brown's Statement Of Facts Which He Contends Present A Genuine Issue For Trial Through The Submission Of The Declaration Of Donald Shane Brown.

**51.**

Paragraph 51 is admitted.

**52.**

Paragraph 52 is admitted.

**53.**

Paragraph 53 is admitted.

**54.**

Paragraph 54 is admitted.

**55.**

Paragraph 55 is disputed. Movants' citation does not support paragraph 55. Also, Defendant Brown's understanding was affected by the decision of his superior officer that the normal protocol for dealing with suicide risk was not to be followed. See declaration of Donald Shane Brown, pp. 3-4.

**56.**

Disputed as stated. Defendant Brown's understanding was affected and influenced by the decision of his superior officer that the normal protocol for dealing with suicide risk would not be followed. See declaration of Donald Shane Brown, pp. 3-4.

**57.**

Paragraph 57 is admitted.

**58.**

Paragraph 58 is admitted. However, Defendant Brown's understanding was affected and influenced by the decision of his superior officer that the normal protocol for dealing with suicide risk would not be followed. See declaration of Donald Shane Brown, pp. 3-4.

**59.**

Paragraph 59 is not supported by Movants' citation to the record.

**60.**

Paragraph 60 is admitted.

**61.**

Paragraph 61 is disputed as stated. While the statement referred to is reflected in the citation of record, the declaration of Defendant Brown demonstrates that the decision of his supervisor to not follow normal jail protocol overrode any previous references to Finch being identified as a suicide risk. See declaration of Donald Shane Brown, pp. 3-4.

**62.**

Paragraph 62 is not supported by Movants' citation to the record. The statement was that one or the other told Herbert to place Finch in the segregation cell.

- 9 -

**63.**

Paragraph 63 is admitted.

**64.**

Paragraph 64 is admitted.

**65.**

Paragraph 65 is admitted.

**66.**

Paragraph 66 is admitted.

**67.**

Paragraph 67 is admitted.

**68.**

Paragraph 68 is admitted.

**69.**

Paragraph 69 is not supported by Movants' citation to the record.

**70.**

Paragraph 70 is admitted.

**71.**

Paragraph 71 is admitted.

**72.**

Paragraph 72 is admitted.

**73.**

Paragraph 73 is admitted.

**74.**

Paragraph 74 is admitted.

**75.**

Paragraph 75 is admitted.

**76.**

Paragraph 76 is admitted.

**77.**

Paragraph 77 is admitted.

**78.**

Paragraph 78 is admitted.

**79.**

Paragraph 79 is disputed in the sense that the directions of his supervisor overrode the fifteen minute in-person checks called for by jail protocol. Stanley, Brown's supervisor, did not direct that the fifteen minute in-person checks be performed. See declaration of Donald Shane Brown, pp. 3-4.

**80.**

Paragraph 80 is admitted subject to the objection contained in the quoted language.

**81.**

Paragraph 81 is admitted.

**82.**

Paragraph 82 is admitted.

**83.**

Paragraph 83 is admitted.

**84.**

Paragraph 84 is admitted.

**85.**

Paragraph 85 is admitted.

**86.**

Paragraph 86 is admitted.

**87.**

Paragraph 87 is admitted. However, the direction from Defendant Brown's supervisor overrode the jail policy according to Defendant Brown's understanding. See declaration of Donald Shane Brown, pp. 3-4.

**88.**

Paragraph 88 is admitted.

**89.**

Paragraph 89 is admitted.

**90.**

Paragraph 90 is admitted.

**91.**

Paragraph 91 is admitted.

**92.**

Paragraph 92 is admitted. However, the direction from Defendant Brown's supervisor overrode the protocol as Defendant Brown understood it. <u>See</u> declaration of Donald Shane Brown, pp. 3-4.

**93.**

The response to paragraph 92 is hereby incorporated by reference.

**94.**

Paragraph 94 is admitted.

**95.**

Paragraph 95 is admitted.

**96.**

Paragraph 96 is admitted.

**97.**

Paragraph 97 is admitted. However, those decisions like others were made by Defendant Brown's superior officer. <u>See</u> declaration of Donald Shane brown, pp. 3-4.

**98.**

Paragraph 98 is admitted.

**99.**

Paragraph 99 is admitted.

- 13 -

**100.**

Paragraph 100 is admitted.

**101.**

Paragraph 101 is admitted.

**102.**

Paragraph 102 is admitted.

**103.**

Paragraph 103 is admitted.

**104.**

Paragraph 104 is admitted.

**105.**

Paragraph 105 is admitted.

**106.**

Paragraph 106 is admitted.

**107.**

Paragraph 107 is admitted.

**108.**

Paragraph 108 is admitted.

**109.**

Respondent objects to paragraph 109 because the information is hearsay.

**110.**

Paragraph 110 is admitted.

**111.**

Paragraph 111 is admitted.

**112.**

Paragraph 112 is not supported by the Movants' citation to the record. However, it is undisputed that Gailey had the means for observing a video feed from Finch's segregation cell.

**113.**

Paragraph 113 is not supported by the Movants' citation to the record. Defendant Stanley stated that he could not remember whether Clark was present when the observation referred to was made.

**114.**

Paragraph 114 is admitted but not material.

**115.**

Paragraph 115 is admitted but not material.

**116.**

Paragraph 116 is admitted but not material.

**117.**

Respondent objects to paragraph 17 because the phrase "physically checked on Finch" is ambiguous. Defendant Brown admits that he did not enter the segregation cell to physically check on Finch from the time he was initially placed inside the segregation cell until Defendant Stanley and Officer Clark

entered Finch's segregation cell at the time stated in paragraph
116.

### 118.

Paragraph 118 is admitted.

### 119.

Paragraph 119 is admitted.

### 120.

Paragraph 120 is admitted.

### 121.

Paragraph 121 is not supported by the Movants' citation to
the record.

### 122.

Paragraph 122 is admitted.

### 123.

Paragraph 123 is admitted.

### 124.

Paragraph 124 is admitted but not material.

### 125.

Paragraph 125 is admitted but not material.

### 126.

Paragraph 126 is admitted.

### 127.

Paragraph 127 is admitted but not material.

**128.**

Paragraph 128 is admitted but not material.

**129.**

Paragraph 129 is admitted but not material.

**130.**

Paragraph 130 is admitted but not material.

**131.**

Paragraph 131 is admitted but not material.

**132.**

Paragraph 132 is not supported by Movants' citation to the record.

**133.**

Paragraph 133 is admitted but not material.

**134.**

Paragraph 134 is admitted but not material.

**135.**

Paragraph 135 is admitted.

**136.**

Paragraph 136 is admitted.

**137.**

Paragraph 137 is admitted but not material.

**138.**

Paragraph 138 is admitted but not material.

**139.**

Paragraph 139 is admitted but not material.

**140.**

Paragraph 140 is admitted but not material.

**141.**

Paragraph 141 is admitted but not material.

**142.**

Paragraph 142 is admitted but not material.

**143.**

There is no paragraph 143.

**144.**

Paragraph 144 is admitted but not material.

**145.**

Paragraph 145 is admitted.

**146.**

Paragraph 146 is admitted.

**147.**

Paragraph 147 is admitted.

**148.**

Paragraph 148 is admitted but not material.

**149.**

Paragraph 149 is admitted.

**150.**

Paragraph 150 is admitted but not material.

**151.**

Paragraph 151 is admitted but not material.

**152.**

Paragraph 152 is admitted but not material.

**153.**

Paragraph 153 is admitted but not material.

**154.**

Paragraph 154 is admitted but not material.

**155.**

Paragraph 155 is admitted but not material.

**156.**

Paragraph 156 is admitted but not material.

**157.**

Paragraph 157 is admitted but not material.

**158.**

Paragraph 158 is admitted but not material.

**159.**

Paragraph 159 is admitted but not material.

**160.**

Paragraph 160 is admitted but not material.

**161.**

Paragraph 161 is admitted but not material.

**162.**

Paragraph 162 is admitted but not material.

**163.**

Paragraph 163 is admitted but not material

**164.**

Paragraph 164 is admitted but not material.

Respectfully submitted,

BEGNAUD & MARSHALL, LLP

s/Andrew H. Marshall
Andrew H. Marshall
Georgia Bar No.: 471450
Attorney for Defendant
Brown

1091-B Founder's Boulevard
Post Office Box 8085
Athens, Georgia 30603-8085
(706) 316-1150
(706) 316-1153 fax
dmarshall@athens1867.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the other parties in the foregoing matter by depositing in the United States mail a copy of **Defendant Brown's Response To Statement Of Material Facts As T Which Plaintiffs Claim There Is No Genuine Issue To Be Tried** in an envelope with adequate postage addressed to:

Albert Wan, Esq.
Albert Wan, Attorney at Law
Suite 200
1201 Peachtree Street
400 Colony Square
Atlanta, Georgia 30361

George Brian Spears, Esq.
Law Office of Brian Spears
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Gary M. Shapiro, Esq.
Law Office of Gary M. Shapiro
Suite 1500-20
400 Galleria Parkway
Atlanta, Georgia 30339

G. Kevin Morris, Esq.
Williams, Morris & Waymire
4330 South Lee Street, NE
Building 400, Suite A
Buford, Georgia  30518

Timothy J. Buckley, III, Esq.
Michaela C. Kendall, Esq.
Buckley Brown
Attorneys at Law
2970 Clairmont Road, NE
Suite 1010
Atlanta, Georgia 30329

This 23rd day of March, 2011.

s/Andrew H. Marshall
Andrew H. Marshall